# Supreme Court of Florida

_____

No. SC19-1350
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CIVIL CASES— REPORT 2019-04.**

January 23, 2020

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Civil Cases (Committee) has submitted proposed changes to the standard jury instructions and asks that the Court authorize the instructions for publication and use. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Committee proposes amendments to instructions 201.3 (Explanation of the Voir Dire Process), 501.4 (Comparative Negligence, Non-Party Fault and Multiple Defendants), 502.5 (Comparative Negligence, Non-Party Fault and Multiple Defendants), Section 700 (Closing Instructions), Model Instructions Number 1 through Number 6, and Model Verdict Form 2(b). The Committee's proposals, which are straightforward and non-controversial, were published in *The Florida Bar News*, and no comments were received by the Committee or the Court.

Having considered the Committee's report, we authorize standard jury instructions 201.3, 501.4, 502.5, Section 700, Model Instructions Numbers 1 through 6, and Model Verdict Form 2(b) for publication and use as set forth in the appendix to this opinion.[1]  We discuss the more significant amendments below.

In Instruction 201.3, the following language is added to clarify that jurors are required to determine the facts and apply the law to the facts, not decide what the law ought to be:

> In the process of selecting the jury, some of the lawyers' questions may be meant to help them anticipate if your beliefs, experiences, or attitudes might make it difficult for you to apply the rules of law. Jurors take an oath to follow the law.  After the jury is chosen and sworn in, I will instruct the jury on the rules they must follow in deciding this case.  It is important for you to remember that it will not be the jury's job to decide what the law ought to be.  Rather, the jury is to determine what the facts are, then apply the law to those facts, using the court's instructions on the rules of law to apply—which will be fully given to the jury at the appropriate time.

Next, Model Instruction Number 1 is amended to specifically ask the jury whether the plaintiff in the hypothetical case sustained a permanent injury.

Finally, the "final instructions" in Model Instruction Numbers 2 through 6 are deleted, and Model Instruction Number 1 serves as a full illustration of the instructions to be given at the beginning and at the end of the case.

---

1. Minor editorial or technical changes to the proposed instructions or notes on use are not elaborated upon.

The amended civil jury instructions, as set forth in the appendix to this opinion, are hereby authorized for publication and use. New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes on use associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Civil Cases

Laura K. Whitmore, Chair, Tampa, Florida, and Jeffrey Alan Cohen, Vice Chair and Subcommittee Chair, Supreme Court Committee on Standard Jury Instructions in Civil Cases, Miami, Florida; and Joshua E. Doyle, Executive Director, and Krys Godwin, Bar Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

## 201.3  EXPLANATION OF THE VOIR DIRE PROCESS

*Voir Dire:*

**The last thing I want to do, before we begin to select the jury, is to explain to you how the selection process works.**

Questions/Challenges: **This is the part of the case where the parties and their lawyers have the opportunity to get to know a little bit about you, in order to help them come to their own conclusions about your ability to be fair and impartial, so they can decide who they think should be the jurors in this case.**

**How we go about that is as follows: First, I'll ask some general questions of you. Then, each of the lawyers will have more specific questions that they will ask of you. After they have asked all of their questions, I will meet with them and they will tell me their choices for jurors. Each side can ask that I exclude a person from serving on a jury if they can give me a reason to believe that he or she might be unable to be fair and impartial. That is what is called a challenge for cause. The lawyers also have a certain number of what are called peremptory challenges, by which they may exclude a person from the jury without giving a reason. By this process of elimination, the remaining persons are selected as the jury. It may take more than one conference among the parties, their attorneys, and me before the final selections are made.**

Purpose of Questioning: **The questions that you will be asked during this process are not intended to embarrass you or unnecessarily pry into your personal affairs, but it is important that the parties and their attorneys know enough about you to make this important decision. If a question is asked that you would prefer not to answer in front of the whole courtroom, just let me know and you can come up here and give your answer just in front of the attorneys and me. If you have a question of either the attorneys or me, don't hesitate to let me know.**

Response to Questioning: **There are no right or wrong answers to the questions that will be asked of you. The only thing that I ask is that you answer the questions as frankly and as honestly and as completely as you can. You [will take] [have taken] an oath to answer all questions truthfully and completely and you must do so. Remaining silent when you have information**

you should disclose is a violation of that oath as well. If a juror violates this oath, it not only may result in having to try the case all over again but also can result in civil and criminal penalties against a juror personally. So, again, it is very important that you be as honest and complete with your answers as you possibly can. If you don't understand the question, please raise your hand and ask for an explanation or clarification.

**In the process of selecting the jury, some of the lawyers' questions may be meant to help them anticipate if your beliefs, experiences, or attitudes might make it difficult for you to apply the rules of law. Jurors take an oath to follow the law. After the jury is chosen and sworn in, I will instruct the jury on the rules they must follow in deciding this case. It is important for you to remember that it will not be the jury's job to decide what the law ought to be. Rather, the jury is to determine what the facts are, then apply the law to those facts, using the court's instructions on the rules of law to apply—which will be fully given to the jury at the appropriate time.**

In sum, this is a process to assist the parties and their attorneys to select a fair and impartial jury. All of the questions they ask you are for this purpose. If, for any reason, you do not think you can be a fair and impartial juror, you must tell us.

NOTE ON USE FOR 201.3

The publication of this recommended instruction is not intended to intrude upon the trial judge's own style and manner of delivery. It may be useful in cataloging the subjects to be covered in an introductory instruction.

## 501.4 COMPARATIVE NEGLIGENCE, NON-PARTY FAULT AND MULTIPLE DEFENDANTS

**In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of** (claimant) or (defendant(s))**. The court in entering judgment will make any appropriate reduction(s).**

*When a Fabre issue is involved:*

**In determining the total amount of damages, you should [also] not make any reduction because of the [negligence] [fault], if any, of** (identify any additional person or entity who will be on verdict form)**. The court in entering judgment will make any appropriate reductions.**

NOTE ON USE FOR 501.4

When the jury is instructed to apportion fault, and a Fabre issue is involved, see *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993), and *Nash v. Wells Fargo Services, Inc.*, 678 So. 2d 1262 (Fla. 1996). The ~~third~~second paragraph of this instruction should be used to inform the jury of the appropriate procedure, so that the jury does not make inappropriate adjustments to its verdict. There is support for giving a special instruction explaining to the jury the impact and effect of an *F.S.* 768.81 apportionment of liability in such cases. See *Slawson v. Fast Food Enterprises*, 671 So. 2d 255, 260 (Fla. 4th DCA 1996); *Seminole Gulf Railway, Limited Partnership v. Fassnacht*, 635 So. 2d 142, 144 (Fla. 2d DCA 1994) (Altenbernd, J., concurring in part and dissenting in part). Pending further development in the law, the committee takes no position on this issue.

## 502.5  COMPARATIVE NEGLIGENCE, NON-PARTY FAULT, AND MULTIPLE DEFENDANTS

**In determining the total amount of damages to** (decedent's) **estate and [his] [her] survivors as a result of [his] [her] injury and death, you should not make any reduction because of the negligence, if any, of** (decedent or survivor or any other person)**. The court in entering judgment will make any appropriate reduction(s).**

*When a Fabre issue is involved:*

**In determining the total amount of damages, you should [also] not make any reduction because of the [negligence] [fault], if any, of** (identify any additional person or entity who will be on verdict form)**. The court in entering judgment will make any appropriate reduction(s).**

NOTES ON USE FOR 502.5

1.      When the jury is instructed to apportion fault and a *Fabre* issue is involved, see *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993), and *Nash v. Wells Fargo Services, Inc.*, 678 So. 2d 1262 (Fla. 1996). The ~~third~~second paragraph of this instruction should be used to inform the jury of the appropriate procedure, so the jury does not make inappropriate adjustments to its verdict. There is support for giving a special instruction explaining to the jury the impact and effect of *F.S.* 768.81 apportionment of liability in such cases. See *Slawson v. Fast Food Enterprises*, 671 So. 2d 255, 260 (Fla. 4th DCA 1996); *Seminole Gulf Railway Limited Partnership v. Fassnacht*, 635 So. 2d 142, 144 (Fla. 2d DCA 1994) (Altenbernd, J., concurring in part and dissenting in part). Pending further development in the law, the committee takes no position on this issue.

2.      The personal representative of the decedent's estate is the only appropriate party to bring a wrongful death claim, and the decedent's comparative fault, if any, will reduce the total recovery of the personal representative. However, it may also be necessary to have a specific determination by the jury of the survivor's comparative negligence, which would be applied only to reduce that survivor's recovery. See *F.S.* 768.20; *Frazier v. Metropolitan Dade County*, 701 So. 2d 418 (Fla. 3d DCA 1997); *Childers v. Schachner*, 612 So. 2d 699 (Fla. 3d DCA 1993); *Gurney v. Cain*, 588 So. 2d 244 (Fla. 4th DCA 1991).

## SECTION 700 — CLOSING INSTRUCTIONS

**Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. [Before you do so, I have a few last instructions for you.]**

**During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or any other reference materials. Do not investigate the case or conduct any experiments. Do not visit or view the scene of any event involved in this case or look at maps or pictures on the Internet. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.**

**You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. These communications rules apply until I discharge you at the end of the case.**

**If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the bailiff.**

**Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.**

**At the conclusion of the trial, the bailiff will collect your notes, which will be immediately destroyed. No one will ever read your notes.**

**In reaching your verdict, do not let bias, sympathy, prejudice, public**

opinion, or any other sentiment for or against any party ~~to~~ influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.

Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.

Pay careful attention to all the instructions that I gave you, for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important, and you must consider all of them together. There are no other laws that apply to this case, and even if you do not agree with these laws, you must use them in reaching your decision in this case.

When you go to the jury room, the first thing you should do is choose a presiding juror to act as a foreperson during your deliberations. The foreperson should see to it that your discussions are orderly and that everyone has a fair chance to be heard.

It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.

{[I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you: (read form of verdict)}]

{[**You will be given** (state number) **forms of verdict, which I shall now read to you:** (read form of verdict(s))}]

- 9 -

~~[~~**[If you find for** (claimant(s)), **your verdict will be in the following form:** (read form of verdict)~~]~~**]**

~~[~~**[If you find for** (defendant(s)), **your verdict will be in the following form:** (read form of verdict)~~]~~**]**

**Your verdict[s] must be unanimous, that is, your verdict must be agreed to by each of you. When you have [agreed on your verdict[s]] [finished filling out the form[s]], your foreperson must write the date and sign it at the bottom and return the verdict[s] to the bailiff.**

**If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split** ~~or the reason for the communication.~~

**You may now retire to decide your verdict[s].**

NOTES ON USE FOR 700

1.      When final instructions are read to the jury before the attorney's closing arguments, this instruction should not be given at that time. It should be given following closing arguments, just before the jury retires to deliberate. If, however, the entire instruction is given after final arguments, omit the bracketed sentence in the first paragraph.

2.      Florida Rule of Judicial Administration 2.451 governs jurors' use of electronic devices. Rule 2.451(b)(1) requires the trial court to remove cell phones and other electronic devices from jurors during their deliberations.  This instruction may need to be modified to reflect the practices of a particular trial court when removing jurors' cell phones. The portion of this instruction dealing with communication with others and outside research may need to be modified to include other specific means of communication or research as technology develops.

3.      Florida Rule of Judicial Administration 2.430(k) provides that at the conclusion of the trial, the court shall collect and immediately destroy all juror notes.

4.      *Quotient verdict.* The committee recommends that no instruction generally be given to admonish the jury against returning a "quotient verdict."

5.      When it is impracticable to take all of the evidence into the jury room, this instruction should be modified accordingly.

## MODEL INSTRUCTION NO. 1

**Automobile collision; comparative negligence; single claimant and defendant; no counterclaim; no-fault issue; witnesses testifying in foreign language; instructions for beginning and end of case; use of special verdict in burden of proof and damage instructions**

*Facts of the hypothetical case:*

John Doe was injured when the automobile he was driving collided with one driven by Rachel Rowe. After obtaining medical attention, including a course of treatment by Dr. Dubious, John Doe sued Rachel Rowe. Rachel Rowe pleaded comparative negligence. Further, her medical expert opined that Dr. Dubious's treatment was not reasonable or necessary, and may actually have harmed John Doe. Questions of negligence, comparative negligence, causation, permanency of John Doe's injuries, and damages are to be submitted to the jury. Traffic Accident Reconstruction experts testified in the case. There is no *Fabre* issue. Several witnesses will testify in Spanish.

*The court's instruction:*

These instructions illustrate: (1) instructions to be given at the beginning of the case, (a) before Voir Dire, and (b) after Voir Dire, including evidentiary instructions as they may occur during the course of the trial, (2) instructions to be given before hearing evidence, and (3) instructions to be given before final argument and the closing instructions to be given after final argument. Instruction number (3), to be given before final argument, also illustrates how the court could utilize the Special Verdict questions in the burden of proof portion of the instruction. Instruction (4) is to be given following closing arguments.

*(1) Instruction for the beginning of the case:*

*Before Voir Dire*

**[201.1] Welcome. [I] [The clerk] will now administer your oath.**

**[101.1] Do you solemnly swear or affirm that you will answer truthfully all questions asked of you as prospective jurors [so help you God]?**

**[continuation of 201.1]** Now that you have been sworn, I'd like to give you an idea about what we are here to do.

This is a civil trial.  A civil trial is different from a criminal case, where a defendant is charged by the state prosecutor with committing a crime.  The subject of a civil trial is a disagreement between people or companies [or others, as appropriate], where the claims of one or more of these parties have been brought to court to be resolved.  "It is called "a trial of a lawsuit."

This is a case about an automobile collision.  John Doe alleges that he was permanently injured when the automobile he was driving collided with one driven by Rachel Rowe.  John Doe has sued Rachel Rowe and alleges that she was negligent and that her negligence was the cause of the accident.  Rachel Rowe denies that she was negligent and alleges that John Doe was comparatively negligent.

The incident involved in this case occurred on (date) at (location).  (Add any other information relevant to voir dire.).

The principal witnesses who will testify in this case are (list the witnesses).

**[201.2]** Judge/Court: **I am the Judge. You may hear people occasionally refer to me as "The Court." That is the formal name for my role. My job is to maintain order and decide how to apply the rules of the law to the trial. I will also explain various rules to you that you will need to know in order to do your job as the jury. It is my job to remain neutral on the issues of this lawsuit.**

Parties: **A party who files a lawsuit is called the Plaintiff. A party that is sued is called the Defendant.**

Attorneys: **The attorneys have the job of representing their clients. That means they speak for their client here at the trial. They have taken oaths as attorneys to do their best and to follow the rules for their profession.**

Plaintiff's Counsel: **The attorney on this side of the courtroom,** (introduce by name)**, represents** (client name)**John Doe and is the person who filed the lawsuit here at the courthouse. [His] [Her] job is to present [his] [her] client's side of things to you. [He] [She] and [his] [her] client will be referred to most of the time as "the plaintiff."** (Attorney name)**, will you please introduce who is**

**sitting at the table with you?**

~~[Plaintiff without Counsel: (Introduce claimant by name)~~**~~, on this side of the courtroom, is the person who filed the lawsuit at the courthouse.~~** ~~(Claimant)~~ **~~is not represented by an attorney and will present [his] [her] side of things to you [himself] [herself].]~~**

Defendant's Counsel: **The attorney on this side of the courtroom,** (introduce by name)**, represents** ~~(client name)~~<u>Rachel Rowe</u>**, the one who has been sued. [His] [Her] job is to present [his] [her] client's side of things to you. [He] [She] and [his] [her] client will usually be referred to here as "the defendant."** (Attorney name)**, will you please introduce who is sitting at the table with you?**

~~[Defendant's Counsel:~~ **~~The attorney on this side of the courtroom,~~** ~~(introduce by name)~~**~~, represents~~** ~~(client name)~~**~~, the one who has been sued. [His] [Her] job is to present [his] [her] client's side of things to you. [He] [She] and [his] [her] client will usually be referred to here as "the defendant." [His] [Her] client~~** ~~(defendant uninsured or underinsured motorist carrier)~~ **~~is~~** ~~(claimant's name)~~ **~~motor vehicle insurance company and provided [him] [her] [uninsured] [underinsured] motorist coverage, which may be available to pay some or all of the damages that may be awarded.]~~**~~*~~

*~~*Use the bracketed paragraph above when the case involves an uninsured or underinsured motorist carrier.~~*

~~[Defendant without Counsel: (Introduce defendant by name)~~**~~, on this side of the courtroom, is the one who has been sued.~~** ~~(Defendant)~~ **~~is not represented by an attorney and will present [his] [her] side of things to you [himself] [herself].]~~**

Court Clerk: **This person sitting in front of me,** (name)**, is the court clerk. [He] [She] is here to assist me with some of the mechanics of the trial process, including the numbering and collection of the exhibits that are introduced in the course of the trial.**

Court Reporter: **The person sitting at the stenographic machine,** (name)**, is the court reporter. [His] [Her] job is to keep an accurate legal record of everything we say and do during this trial.**

Bailiff: **The person over there,** (name)**, is the bailiff. [His] [Her] job is to**

maintain order and security in the courtroom. The bailiff is also my representative to the jury. Anything you need or any problems that come up for you during the course of the trial should be brought to [him] [her]. However, the bailiff cannot answer any of your questions about the case. Only I can do that.

Jury: **Last, but not least, is the jury, which we will begin to select in a few moments from among all of you. The jury's job will be to decide what the facts are and what the facts mean. Jurors should be as neutral as possible at this point and have no fixed opinion about the lawsuit.**

**In order to have a fair and lawful trial, there are rules that all jurors must follow. A basic rule is that jurors must decide the case only on the evidence presented in the courtroom. You must not communicate with anyone, including friends and family members, about this case, the people and places involved, or your jury service. You must not disclose your thoughts about this case or ask for advice on how to decide this case.**

**I want to stress that this rule means you must not use electronic devices or computers to communicate about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept any messages to or from anyone about this case or your jury service.**

**You must not do any research or look up words, names, [maps], or anything else that may have anything to do with this case. This includes reading newspapers, watching television or using a computer, cell phone, the Internet, any electronic device, or any other means at all, to get information related to this case or the people and places involved in this case. This applies whether you are in the courthouse, at home, or anywhere else.**

**Many of you may have cell phones, tablets, laptops, or other electronic devices with you here in the courtroom.\*\***

*\*\*~~The trial judge should select one of the following two alternative instructions explaining the rules governing jurors' use of electronic devices, as explained in Note on Use 1.~~The Standard Jury Instructions contain two alternatives concerning electronic devices such as cell phones, tablets, and laptops. Alternative A requires all such devices to be turned off. Alternative B does not allow any such devices in the courtroom. This model uses alternative A.*

- 14 -

*Alternative A:* [All cell phones, computers, tablets, or other types of electronic devices must be turned off while you are in the courtroom.  Turned off means that the phone or other electronic device is actually off and not in a silent or vibrating mode.  You may use these devices during recesses, but even then you may not use your cell phone or electronic device to find out any information about the case or communicate with anyone about the case or the people involved in the case.  Do not take photographs, video recordings, or audio recordings of the proceedings or of your fellow jurors.  After each recess, please double check to make sure your cell phone or electronic device is turned off.  At the end of the case, while you are deliberating, you must not communicate with anyone outside the jury room.  You cannot have in the jury room any cell phones, computers, or other electronic devices.  If someone needs to contact you in an emergency, the court can receive messages and deliver them to you without delay.  A contact phone number will be provided to you.]

*Alternative B:* [You cannot have any cell phones, tablets, laptops, or other electronic devices in the courtroom.  You may use these devices during recesses, but even then you may not use your cell phone or electronic device to find out any information about the case or communicate with anyone about the case or the people involved in the case.  Do not take photographs, video recordings, or audio recordings of the proceedings or your fellow jurors.  At the end of the case, while you are deliberating, you must not communicate with anyone outside the jury room.  If someone needs to contact you in an emergency, the court can receive messages and deliver them to you without delay.  A contact phone number will be provided to you.]

What are the reasons for these rules?  These rules are imposed because jurors must decide the case without distraction and only on the evidence presented in the courtroom.  If you investigate, research, or make inquiries on your own outside of the courtroom, the trial judge has no way to make sure that the information you obtain is proper for the case.  The parties likewise have no opportunity to dispute or challenge the accuracy of what you find.  That is contrary to our judicial system, which assures every party the right to ask questions about and challenge the evidence being considered against it and to present argument with respect to that evidence.  Any independent investigation by a juror unfairly and improperly prevents the parties from having that opportunity our judicial system promises.

Any juror who violates these restrictions jeopardizes the fairness of

these proceedings, and a mistrial could result that would require the entire trial process to start over. A mistrial is a tremendous expense and inconvenience to the parties, the court, and the taxpayers. If you violate these rules, you may be held in contempt of court, and face sanctions, such as serving time in jail, paying a fine, or both.

All of your communications with courtroom personnel, or me, will be part of the record of these proceedings. That means those communications shall either be made in open court with the court reporter present or, if they are in writing, the writing will be filed with the court clerk. <u>This means, if you are outside the courtroom, any communication with me must be in writing, unsigned, and handed directly to the bailiff. Do not share the content of the writing with anyone, including other jurors.</u> I have instructed the courtroom personnel that any communications you have with them outside of my presence must be reported to me, and I will tell the parties [and their attorneys] about any communication from you that I believe may be of interest to the parties [and their attorneys].

However, you may communicate directly with courtroom personnel about matters concerning your comfort and safety, such as [juror parking] [location of break areas] [how and when to assemble for duty] [dress] [what personal items can be brought into the courthouse or jury room] [list any other types of routine ex parte communications permitted].

If you become aware of any violation of these instructions or any other instruction I give in this case, you must tell me by giving a note to the bailiff.

[201.3] The last thing I want to do, before we begin to select the jury, is to explain to you how the selection process works.

<u>Questions/Challenges:</u> This is the part of the case where the parties and their lawyers have the opportunity to get to know a little bit about you, in order to help them come to their own conclusions about your ability to be fair and impartial, so they can decide who they think should be the jurors in this case.

How we go about that is as follows: First, I'll ask some general questions of you. Then, each of the lawyers will have more specific questions that they will ask of you. After they have asked all of their questions, I will meet with them and they will tell me their choices for jurors. Each side can ask that I exclude a person from serving on a jury if they can give me a reason

to believe that he or she might be unable to be fair and impartial.  That is what is called a challenge for cause.  The lawyers also have a certain number of what are called peremptory challenges, by which they may exclude a person from the jury without giving a reason.  By this process of elimination, the remaining persons are selected as the jury.  It may take more than one conference among the parties, their attorneys, and me before the final selections are made.

Purpose of Questioning: **The questions that you will be asked during this process are not intended to embarrass you or unnecessarily pry into your personal affairs, but it is important that the parties and their attorneys know enough about you to make this important decision.  If a question is asked that you would prefer not to answer in front of the whole courtroom, just let me know and you can come up here and give your answer just in front of the attorneys and me.  If you have a question of either the attorneys or me, don't hesitate to let me know.**

Response to Questioning: **There are no right or wrong answers to the questions that will be asked of you.  The only thing that I ask is that you answer the questions as frankly and as honestly and as completely as you can. You [will take] [have taken] an oath to answer all questions truthfully and completely and you must do so.  Remaining silent when you have information you should disclose is a violation of that oath as well.  If a juror violates this oath, it not only may result in having to try the case all over again but also can result in civil and criminal penalties against a juror personally.  So, again, it is very important that you be as honest and complete with your answers as you possibly can.  If you don't understand the question, please raise your hand and ask for an explanation or clarification.**

**In the process of selecting the jury, some of the lawyers' questions may be meant to help them anticipate if your beliefs, experiences, or attitudes might make it difficult for you to apply the rules of law. Jurors take an oath to follow the law. After the jury is chosen and sworn in, I will instruct the jury on the rules they must follow in deciding this case. It is important for you to remember that it will not be the jury's job to decide what the law ought to be. Rather, the jury is to determine what the facts are, then apply the law to those facts, using the court's instructions on the rules of law to apply—which will be fully given to the jury at the appropriate time.**

**In sum, this is a process to assist the parties and their attorneys to select**

a fair and impartial jury.  All of the questions they ask you are for this purpose.  If, for any reason, you do not think you can be a fair and impartial juror, you must tell us.

## 2. *Voir Dire:*

### *Instructions After Voir Dire*

[101.2] ~~Members of the jury~~Members of the jury, do you solemnly swear or affirm that you will well and truly try this case between John Doe and Rachel Rowe, and a true verdict render according to the law and evidence?

[202.1] You have now taken an oath to serve as jurors in this trial. Before we begin, I am going to tell you about the rules of law that apply to this case and let you know what you can expect as the trial proceeds.

It is my intention to give you [all] [most] of the rules of law but it might be that I will not know for sure all of the law that ~~might~~will apply in this case until all of the evidence is presented. However, I can anticipate most of the law and give it to you at the beginning of the trial so that you ~~can~~will better understand what to be looking for ~~as~~while the evidence is presented. If I later decide that different or additional law applies to the case, I will ~~call that to your attention~~tell you. In any event, at the end of the evidence I will give you the final ~~instructions that you must use to decide this case and it is those~~ instructions on which you must base your verdict. At that time, you will have a complete written set of the instructions so you do not have to memorize what I am about to tell you.

[401.2] The claims and defenses in this case are as follows. John Doe claims that Rachel Rowe was negligent in the operation of the vehicle she was driving which caused him harm.

Rachel Rowe denies that claim and also claims that John Doe was himself negligent in the operation of his vehicle, which caused his harm.

The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.

[401.3] "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire ~~evidence~~evidence in the case.

- 18 -

**[401.4]** Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

*If there is an issue about the applicability of a statute this instruction would be omitted at this time.*

**[401.9]** *(Read or paraphrase the applicable statute or refer to the ordinance or regulation admitted in evidence.)* **Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Rachel Rowe violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether ~~she~~she was negligent.**

**[401.12(a)]** Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.

**[401.12(b)]** In order to be regarded as a legal cause of loss, injury, or damage negligence need not be the only cause. Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with some other cause if the negligence contributes substantially to producing such loss, injury, or damage.

**[401.18(a)]** The issues you must decide on John Doe's claim against Rachel Rowe are whether Rachel Rowe was negligent in the operation of her vehicle, and, if so, whether that negligence was a legal cause of the loss, injury, or damage to John Doe.

**[401.21]** If the greater weight of the evidence does not support John Doe's claim, your verdict should be for Rachel Rowe.

**[401.22]** If, however, the greater weight of the evidence supports John Doe's claim, then you shall consider the defense raised by Rachel Rowe.

**[401.22(a)]** On ~~that~~that defense, the issue for you to decide is whether John Doe was himself negligent in the operation of his vehicle and, if so,

- 19 -

whether that negligence was a contributing legal cause of injury or damage to John Doe.

[401.23] If the greater weight of the evidence does not support Rachel Rowe's defense and the greater weight of the evidence does supports~~s~~ John Doe's claim, then your verdict should be for John Doe in the total amount of his damages.

If, however, the greater weight of the evidence shows that both John Doe and Rachel Rowe were negligent and that the negligence of each contributed as a legal cause of loss, injury, or damage sustained by John Doe, you should decide and write on the verdict form, ~~which I will give you at the end of the case~~which I will give you at the end of the case, what percentage of the total negligence of both parties to this action you apportion to each of them.

[501.3] If your verdict is for Rachel Rowe, you will not consider the matter of damages. But~~,~~ if the greater weight of the evidence supports~~s~~ John Doe's claim, you should determine and write on the verdict form, in dollars, the total amount of money that the greater weight of the evidence shows will fairly and adequately compensate John Doe for the following elements of damage to the extent that they have not been paid and are not payable by personal injury protection benefits, including damage that John Doe is reasonably certain to incur in the future:

The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained by John Doe in the past~~,~~ or to be so obtained in the future.

Any earnings lost in the past~~,~~ and any loss of ability to earn money in the future.

You must next decide whether John Doe's injury, resulting from the incident in this case, is permanent. An injury is permanent if it, in whole or in part, consists of an injury that the evidence shows is permanent to a reasonable degree of medical probability.

If the greater weight of the evidence does not establish that John Doe's injury is permanent, then your verdict is complete. If, however, the greater weight of the evidence shows that John Doe's injury is permanent, you should also award damages for this additional element of damage:

- 20 -

Any bodily injury sustained by John Doe and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just~~,~~ in the light of the evidence.

[501.4] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of John Doe. ~~The court will enter a judgment based on your verdict and, if you find that John Doe was negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence, which you find was caused by John Doe.~~ <u>The court in entering judgment will make any appropriate reduction(s).</u>

[501.5c] If you find that Rachel Ro<u>w</u>e caused loss, injury, or damage to John Doe, then Rachel Ro<u>w</u>e is also responsible for any additional loss, injury, or damage caused by medical care or treatment reasonably obtained by John Doe.

[501.6] If the greater weight of the evidence shows that John Doe has been permanently injured, you may consider his life expectancy. <u>The</u> ~~m~~<u>M</u>ortality tables ~~*may be*~~ received in evidence ~~and, if they are, you may consider *them*~~<u>may be considered</u> in determining how long John Doe may be expected to live. Mortality tables are not binding on you~~,~~ but may be considered together with other evidence in the case bearing on John Doe's health, age and physical condition, before and after the injury, in determining the probable length of his life.

[501.7] Any amount of damages~~,~~ which you allow for future medical expenses or loss of ability to earn money in the future, should be reduced to its present money value~~,~~ and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate John Doe for these losses as they are actually experienced in future years.

[601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination ~~*at the end of the case*~~<u>at the end of the case</u> and to answer certain questions I ~~*will*~~<u>will</u> ask

you to answer on a special form, called a ~~special~~ verdict <u>form</u>. **You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.**

<u>**The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence, and all facts that were admitted or agreed to by the parties.**</u>

In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I ~~*finally*~~<u>finally</u> explain it to you ~~*at the end of the case*~~<u>at the end of the case</u>.

[601.2(a)] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.

[601.2(b)] Some of the testimony ~~*you hear may be*~~<u>you hear may be</u> in the form of opinions about certain technical subjects.

You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.

[202.2] Now that you have heard the law, I want to let you know what you can expect as the trial proceeds.

Opening Statements: **In a few moments, the attorneys will each have a chance to make what are called opening statements. In an opening statement,**

an attorney is allowed to give you [his] [her] views about what the evidence will be in the trial and what you are likely to see and hear in the testimony.

Evidentiary Phase: **After the attorneys' opening statements the plaintiff will bring his witnesses and evidence to you~~, followed by the defendant~~.**

Evidence: **Evidence is the information that the law allows you to see or hear in deciding this case. Evidence includes the testimony of the witnesses, documents, and anything else that I instruct you to consider.**

Witnesses: **A witness is a person who takes an oath to tell the truth and then answers attorneys' questions for the jury. The answering of attorneys' questions by witnesses is called "giving testimony." Testimony means statements that are made when someone has sworn an oath to tell the truth.**

**The plaintiff's lawyer will normally ask a witness the questions first. That is called direct examination. Then the defense lawyer may ask the same witness additional questions about whatever the witness has testified to. That is called cross-examination. Certain documents or other evidence may also be shown to you during direct or cross-examination. After the plaintiff's witnesses have testified, the defendant will have the opportunity to put witnesses on the stand and go through the same process. Then the plaintiff's lawyer gets to do cross-examination. The process is designed to be fair to both sides.**

**It is important that you remember that testimony comes from witnesses. The attorneys do not give testimony and they are not themselves witnesses.**

Objections: **Sometimes the attorneys will disagree about the rules for trial procedure when a question is asked of a witness. When that happens, one of the lawyers may make what is called an "objection." The rules for a trial can be complicated, and there are many reasons for ~~the~~ attorneys to object. You should simply wait for me to decide how to proceed. If I say that an objection is "sustained," that means ~~you should disregard the question and~~ the witness may not answer the question. If I say that the objection is "overruled," that means the witness may answer the question.**

**When there is an objection and I make a decision, you must not assume from that decision that I have any particular opinion other than that the rules for conducting a trial are being correctly followed. If I say a question may not be asked or answered, you must not try to guess what the answer would have**

**been. That is against the rules, too.**

Side Bar Conferences: **Sometimes I will need to speak to the attorneys about legal elements of the case that are not appropriate for the jury to hear. The attorneys and I will try to have as few of these conferences as possible while you are giving us your valuable time in the courtroom. But, if we do have to have such a conference during testimony, we will try to hold the conference at the side of my desk so that we do not have to take a break and ask you to leave the courtroom.**

Recesses: **Breaks in an ongoing trial are usually called "recesses." During a recess you still have your duties as a juror and must follow the rules, even while having coffee, at lunch, or at home.**

Instructions Before Closing Arguments: **After all the evidence has been presented to you, I will ~~*again*~~again instruct you ~~on~~in the law that you must follow. ~~At that time you will have a written set of the instructions for your use~~It is important that you remember these instructions to assist you in evaluating the final attorney presentations, which come next, and later, during your deliberations, to help you correctly sort through the evidence to reach your decision.**

Closing Arguments: **The attorneys will then have the opportunity to make their final presentations to you, which are called closing arguments.**

Final Instructions: **After you have heard the closing arguments, I will instruct you further in the law as well as explain to you the procedures you must follow to decide the case.**

Deliberations: **After you hear the final jury instructions, you will go to the jury room and discuss and decide the questions I have put on your verdict form. [You will have a copy of the jury instructions to use during your discussions.] The discussions you have and the decisions you make are usually called "jury deliberations." Your deliberations are absolutely private and neither I nor anyone else will be with you in the jury room.**

Verdict: **When you have finished answering the questions, you will give the verdict form to the bailiff, and we will all return to the courtroom where your verdict will be read. When that is completed, you will be released from your assignment as a juror.**

*What are the rules?*

Finally, before we begin the trial, I want to give you just a brief explanation of rules you must follow as the case proceeds.

Keeping an Open Mind. **You must pay close attention to the testimony and other evidence as it comes into the trial. However, you must avoid forming any final opinion or telling anyone else your views on the case until you begin your deliberations. This rule requires you to keep an open mind until you have heard all of the evidence and is designed to prevent you from influencing how your fellow jurors think until they have heard all of the evidence and had an opportunity to form their own opinions. The time and place for coming to your final opinions and speaking about them with your fellow jurors is during deliberations in the jury room, after all of the evidence has been presented, closing arguments have been made, and I have instructed you on the law. It is important that you hear all of the facts and that you hear the law and how to apply it before you start deciding anything.**

Consider Only the Evidence. **It is the things you hear and see in this courtroom that matter in this trial. The law tells us that a juror can consider only the testimony and other evidence that all the other jurors have also heard and seen in the presence of the judge and the lawyers. Doing anything else is wrong and is against the law. That means that you ~~cannot~~must not do any work or investigation of your own about the case. You ~~cannot~~must not obtain on your own any information about the case or about anyone involved in the case, from any source whatsoever~~, including the Internet, and you cannot visit places mentioned in the trial~~. This includes reading newspapers, watching television or using a computer, cell phone, the Internet, any electronic device, or any other means at all, to get information related to this case or the people and places involved in this case. This applies whether you are in the courthouse, at home, or anywhere else. You must not visit places mentioned in the trial or use the internet to look at maps or pictures to see any place discussed during trial.**

**Do not provide any information about this case to anyone, including friends or family members. Do not let anyone, including the closest family members, make comments to you or ask questions about the trial. ~~Similarly, it is important that you avoid reading any newspaper accounts or watching or listening to television or radio comments that have anything to do with this case or its subject.~~Jurors must not have discussions of any sort with friends or**

**family members about the case or the people and places involved. So, do not let even the closest family members make comments to you or ask questions about the trial. In this age of electronic communication, I want to stress again that just as you must not talk about this case face-to-face, you must not talk about this case by using an electronic device. You must not use phones, tablets, computers, or other electronic devices to communicate. Do not send or accept any messages related to this case or your jury service. Do not discuss this case or ask for advice by any means at all, including posting information on an Internet website, chatroom, or blog.**

No Mid-Trial Discussions. **When we are in a recess, do not discuss anything about the trial or the case with each other or with anyone else. If attorneys approach you, don't speak with them. The law says they are to avoid contact with you. If an attorney will not look at you or speak to you, do not be offended or form a conclusion about that behavior. The attorney is not supposed to interact with jurors outside of the courtroom and is only following the rules. The attorney is not being impolite. If an attorney or anyone else does try to speak with you or says something about the case in your presence, please inform the bailiff immediately.**

Only the Jury Decides. **Only you get to deliberate and answer the verdict questions at the end of the trial. I will not intrude into your deliberations at all. I am required to be neutral. You should not assume that I prefer one decision over another. You should not try to guess what my opinion is about any part of the case. It would be wrong for you to conclude that anything I say or do means that I am for one side or another in the trial. Discussing and deciding the facts is your job alone.**

**[202.3] If you would like to take notes during the trial, you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you individually.**

**You will be provided with a note pad and a pen for use if you wish to take notes. Any notes that you take will be for your personal use. However, you should not take them with you from the courtroom. During recesses, the bailiff will take possession of your notes and will return them to you when we reconvene. After you have completed your deliberations, the bailiff will collect your notes, which will be immediately destroyed. No one will ever read your notes.**

If you take notes, do not get so involved in note-taking that you become distracted from the proceedings. Your notes should be used only as aids to your memory.

Whether or not you take notes, you should rely on your memory of the evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than each juror's memory of the evidence.

[202.4] During the trial, you may have a question about these proceedings. If so, please write it down and hand it to the bailiff, who will then hand it to me. I will review your questions with the parties [and their attorneys] before responding.

Questions for witnesses: Y~~y~~ou also may have a question you think should be asked of a witness. If so, there is a ~~procedure by which~~way for you ~~may~~to request that I ask the witness a question. After all the attorneys have completed their questioning of the witness, you should raise your hand if you have a question. I will then give you sufficient time to write the question on a piece of paper, fold it, and give it to the bailiff, who will pass it to me. Do not put your name on the question,~~You must not~~ show ~~your question~~it to anyone, or discuss it with anyone.

I will then review the question with the attorneys. Under our law, only certain evidence may be considered by a jury in determining a verdict. You are bound by the same rules of evidence that control the attorneys' questions. If I decide that the question may not be asked under our rules of evidence, I will tell you. Otherwise, I will direct the question to the witness. The attorneys may then ask follow-up questions if they wish. If there are additional questions from jurors, we will follow the same procedure again.

By providing this procedure, I do not mean to suggest that you must or should submit written questions for witnesses. In most cases, the lawyers will have asked the necessary questions.

[202.5] ~~*During the trial*~~During the trial, some witnesses may testify in Spanish which will be interpreted in English.

The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must

**accept the English interpretation. You must disregard any different meaning.**

**If, however, during the testimony there is a question as to the accuracy of the English interpretation, you should bring this matter to my attention immediately by raising your hand. You should not ask your question or make any comment about the interpretation in the presence of the other jurors, or otherwise share your question or concern with any of them. I will take steps to see if your question can be answered and any discrepancy resolved. If, however, after such efforts a discrepancy remains, I emphasize that you must rely only upon the official English interpretation as provided by the court interpreter and disregard any other contrary interpretation.**

~~*The attorneys will now present their opening statements after which you will begin hearing the evidence.*~~**The attorneys will now present their opening statements after which you will begin hearing the evidence.**

### (2)  Evidence instructions during trial

*Evidence instructions are to be given during the trial process when/if the particular evidentiary issue occurs and the instruction becomes applicable.  Here is a listing of the available standard jury instructions on evidence:*

*301.1 Deposition Testimony, Interrogatories, Stipulated Testimony, Stipulations, and Admissions*

*301.2  Instruction when First Item of Documentary, Photographic, or Physical Evidence Is Admitted*

*301.3  Instruction when Evidence is First Published to Jurors*

*301.4  Instruction Regarding Visual or Demonstrative Aids*

*301.5  Evidence Admitted for a Limited Purpose*

*301.6  Jury to Be Guided by Official English Translation/Interpretation*

*301.7  Jury to Be Guided by Official English Transcript of Recording in Foreign Language (Accuracy Not in Dispute)*

*301.8  Jury to Be Guided by Official English Translation/Interpretation –
Transcript of Recording in Foreign Language (Accuracy in Dispute)*

*301.9  Disregard Stricken Matter*

*301.10  Instruction Before Recess*

*301.11 Failure to Maintain Evidence or Keep a Record*

*(3) ___Instruction before final argument:*

**[401.1] Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are, ~~however, the same as~~<u>however, the same as</u> [if different explain how] what I gave you at the beginning and it is these rules of law that you must now follow. When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.**

**[401.2] The claims and defenses in this case are as follows. John Doe claims that Rachel Rowe was negligent in the operation of the vehicle she was driving which caused him harm.**

**Rachel Rowe denies that claim and also claims that John Doe was himself negligent in the operation of his vehicle, which caused his harm.**

**The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.**

**[401.3] "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.**

**[401.4] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.**

**[401.9]** *(Read or paraphrase the applicable statute or refer to the ordinance*

*or regulation admitted in evidence.)* **Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Rachel Rowe violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether ~~she~~she was negligent.**

**[401.12(a)] Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.**

**[401.12(b)] In order to be regarded as a legal cause of loss, injury, or damage negligence need not be the only cause. Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with some other cause if the negligence contributes substantially to producing such loss, injury, or damage.**

**[401.18] The issues you must decide on John Doe's claim against Rachel Rowe are whether Rachel Rowe was negligent in the operation of her vehicle, and, if so, whether that negligence was a legal cause of the loss, injury, or damage to John Doe.**

**~~You will be given a Special Verdict to use in this case. The first question in the Special Verdict is:~~You will be given a Special Verdict to use in this case. The first question in the Special Verdict is:**

**~~1.     Was there negligence on the part of Defendant, RACHEL ROWE, which was a legal cause of damage to Plaintiff, JOHN DOE?~~**

**1.     Was there negligence on the part of Defendant, Rachel Rowe, which was a legal cause of damage to Plaintiff, John Doe?**

**YES _____          NO _____**

**[401.21, 22] ~~If the greater weight of the evidence supports John Doe's claim, you will answer that question "YES."  If, however, your answer to question 1 is "NO," your verdict is for the Defendant, and you should not proceed further, except to date and sign the Special Verdict and return it to the courtroom.~~ If the greater weight of the evidence supports John Doe's claim, you will answer that question "YES."  If, however, your answer to**

**question 1 is "NO," your verdict is for the Defendant, and you should not proceed further, except to date and sign the Special Verdict and return it to the courtroom.**

**If** ~~*you answered the first question YES*~~**you answered the first question YES, then you shall consider the defense raised by Rachel Rowe.**

**[401.22(a)] On** ~~*that*~~**that defense, the issue for you to decide is whether John Doe was himself negligent in the operation of his vehicle and, if so, whether that negligence was a contributing legal cause of injury or damage to John Doe.** ~~*In connection with that defense, the second question in the Special Verdict is:*~~**In connection with that defense, the second question in the Special Verdict is:**

~~*2.     Was there negligence on the part of Plaintiff, JOHN DOE, which was a legal cause of his damage?*~~**2.   Was there negligence on the part of Plaintiff, John Doe, which was a legal cause of his damage?**

**YES** _____     **NO** _____

**[401.23]** ~~*If the greater weight of the evidence supports Rachel Rowe's defense, you will answer that question "Yes." If, however, your answer to that question is "NO"*~~**If the greater weight of the evidence supports Rachel Rowe's defense, you will answer that question "YES." If, however, your answer to that question is "NO" and the greater weight of the evidence supports John Doe's claim, then your verdict should be for John Doe in the total amount of his damages** ~~*and you will skip the third question in the Special Verdict and proceed directly to the questions concerning damages*~~**and you will skip the third question in the Special Verdict and proceed directly to the questions concerning damages.**

**If, however, the greater weight of the evidence shows that both John Doe and Rachel Rowe were negligent and that the negligence of each contributed as a legal cause of loss, injury, or damage sustained by John Doe, you should decide and write on the verdict form what percentage of the total negligence of both parties to this action you apportion to each of them.** ~~*In that connection, the third question in the Special Verdict is:*~~**In that connection, the third question in the Special Verdict is:**

~~*3.     State the percentage of negligence which was a legal cause of damage to Plaintiff, JOHN DOE, that you charge to:*~~**3.     State the**

- 31 -

**percentage of negligence which was a legal cause of damage to Plaintiff, John Doe, that you charge to:**

~~RACHEL ROWE~~**Rachel Rowe** _____ **%**

~~JOHN DOE~~**John Doe** _____ **%**

**[501.3] If your verdict is for Rachel Rowe, you will not consider the matter of damages. But, if the greater weight of the evidence supports John Doe's claim** ~~*and you answered the first question "YES,"*~~**and you answered the first question "YES,"** **you should determine and write on the verdict form, in dollars, the total amount of money that the greater weight of the evidence shows will fairly and adequately compensate John Doe for the following elements of damage to the extent that they have not been paid and are not payable by personal injury protection benefits, including damage that John Doe is reasonably certain to incur in the future:**

**The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained by John Doe in the past, or to be so obtained in the future:**

**Any earnings lost in the past, and any loss of ability to earn money in the future.**

~~*These appear as questions 4 and 5 in the Special Verdict.*~~

**You must next decide whether John Doe's injury, resulting from the incident in this case, is permanent. An injury is permanent if it, in whole or in part, consists of an injury that the evidence shows is permanent to a reasonable degree of medical probability.**

**If the greater weight of the evidence does not establish that John Doe's injury is permanent, then your verdict is complete. If, however, the greater weight of the evidence shows that John Doe's injury is permanent, you should also award damages for this additional element of damage:**

**Any bodily injury sustained by John Doe and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just, in the light of**

the evidence.

*This appears as question 6 in the Special Verdict.*

[501.4] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of John Doe. ~~The court will enter a judgment based on your verdict and, if you find that John Doe was negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence which you apportion to John Doe.~~The court in entering judgment will make any appropriate reduction(s).

[501.6] If the greater weight of the evidence shows that John Doe has been permanently injured, you may consider his life expectancy. The mortality tables received in evidence may be considered in determining how long John Doe may be expected to live. Mortality tables are not binding on you~~,~~ but may be considered together with other evidence in the case bearing on John Doe's health, age and physical condition, before and after the injury, in determining the probable length of his life.

[501.7] Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate John Doe for these losses as they are actually experienced in future years.

[601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination and to answer ~~the~~certain questions I ~~*have asked*~~have asked you to answer on ~~the~~a special form, called a verdict form. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.

The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence, and all facts that were admitted or agreed to by the parties.

In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in

evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.

[601.2(a)] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.

[601.2(b)] Some of the testimony before you was in the form of opinions about certain technical subjects.

You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.

[601.3] Some witnesses testified in Spanish during this trial, which had to be interpreted into English.

The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning.

**If, during the testimony there was a question as to the accuracy of the English interpretation and steps were taken to resolve any discrepancies and despite these efforts a discrepancy remains, I emphasize that you must rely only upon the official English interpretation as provided by the court interpreter and disregard any other contrary interpretation.**

- 34 -

**[601.5] That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.**

*(4) ___Instruction following closing arguments:*

**[700] Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict, and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.**

**During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or any other reference materials. Do not investigate the case or conduct any experiments. ~~Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer.~~ Do not visit or view the scene of any event involved in this case or look at maps or pictures on the Internet. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.**

**You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. These communications rules apply until I discharge you at the end of the case.**

**If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the bailiff.**

**Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.**

At the conclusion of the trial, the bailiff will collect your notes, which will be immediately destroyed. No one will ever read your notes.

In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party ~~to~~ influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.

Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.

Pay careful attention to all the instructions that I gave you, for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important, and you must consider all of them together. There are no other laws that apply to this case, and even if you do not agree with these laws, you must use them in reaching your decision in this case.

When you go to the jury room, the first thing you should do is choose a presiding juror <u>to act as a foreperson during your deliberations</u>. The ~~presiding juror~~<u>foreperson</u> should see to it that your discussions are orderly and that everyone has a fair chance to be heard.

It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.

I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you: *(read form of verdict)*

Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you ~~are~~have finished filling out the form, your ~~presiding juror~~foreperson must write the date and sign it at the bottom~~. R~~ and return the ~~form~~verdict to the bailiff.

If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split ~~or the reason for the communication~~.

You may now retire to decide your verdict.

*~~Special Verdict Form~~*

**VERDICT**

We, the jury, return the following verdict:

1.      Was there negligence on the part of Defendant, ~~RACHEL ROWE~~Rachel Rowe, which was a legal cause of damage to Plaintiff, ~~JOHN DOE~~John Doe?

YES _____          NO _____

If your answer to question 1 is NO, your verdict is for the Defendant, and you should not proceed further, except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.

2.      Was there negligence on the part of Plaintiff, ~~JOHN DOE~~John Doe, which was a legal cause of his damage?

YES _____          NO _____

If your answer to question 2 is YES, please answer question 3. If your answer to question 2 is NO, please skip question 3 and answer questions 4 and 5.

3.      State the percentage of negligence which was a legal cause of damage to Plaintiff, ~~JOHN DOE~~John Doe, that you apportion to:

RACHEL ROWE~~Rachel Rowe~~          _____%

**JOHN DOE**John Doe                              _____%

**Total must be 100%**

In determining the amount of any damages, do not make any reduction because of the negligence, if any, of Plaintiff, ~~JOHN DOE~~John Doe. If you find Plaintiff, ~~JOHN DOE~~John Doe, negligent in any degree, the court~~,~~ in entering judgment~~,~~ will ~~reduce JOHN DOE'S total amount of damages (100%) by the percentage of negligence that you apportion to JOHN DOE~~make any appropriate reduction.

Please answer questions **4, 5,** and ~~5~~6.

      4.     What is the total amount of ~~JOHN DOE'S~~John Doe's damages for medical expenses incurred in the past, and medical expenses to be incurred in the future?          $ _____

      5.     What is the total amount of ~~JOHN DOE'S~~John Doe's damages for lost earnings in the past and loss of earning capacity in the future?          $ _____

      ~~If the greater weight of the evidence shows that JOHN DOE'S injuries were in whole or in part permanent within a reasonable degree of medical probability, please answer question 6:~~

      6.     Did John Doe sustain a permanent injury?

          YES_____    NO_____

      If your answer to question 6 is NO, you should not proceed further except to total the damages, date, and sign this verdict form, and return it to the courtroom.

      If your answer to question 6 is YES, please answer question 7.

      7.     What is the total amount of ~~JOHN DOE'S~~John Doe's damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future?     $ _____

**TOTAL DAMAGES OF JOHN DOE**
**(add lines ~~1~~4, ~~2~~5, and, if applicable, ~~3~~7)**        $ _____

**SO SAY WE ALL, this _____ day of _____, 2____**



_____
**FOREPERSON**


## MODEL INSTRUCTION NO. 2

**Automobile collision; driver's comparative negligence including failure to wear seat belt; aggravation of pre-existing injury; multiple events**

*Facts of the hypothetical case:*

Jane Doe was injured when the automobile she was driving collided with one driven by Richard Rowe. Jane Doe, who is married to John Doe, sued Richard Rowe. Her husband, John Doe, sued for loss of consortium. Richard Rowe pleaded that Jane Doe was comparatively negligent because of the operation of her own vehicle and because she was not wearing a seat belt at the time of the collision. There are issues of a pre-existing injury and multiple accidents. Questions of negligence, causation and damages are to be submitted to the jury.

*The court's instruction:*

*The committee assumes that the court will give these instructions as part of the instruction at the beginning of the case and that these instructions will be given again before Final Argument. When given at the beginning of the case, 202.1 will be used in lieu of 401.1 and these instructions will be followed by the applicable portions of 202.2 through 202.5. See Model Instruction No. 1 for a full illustration of ~~an~~the instructions to be given at the beginning and the end of the case.*

**[401.1] Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are, ~~however, the same as~~however, the same as what I gave you at the beginning and it is these rules of law that you**

- 39 -

must now follow. When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.

[401.2] The claims and defenses in this case are as follows. Jane Doe claims that Richard Rowe was negligent in the operation of the vehicle he was driving which caused her harm.

Richard Rowe denies that claim and also claims that Jane Doe was herself negligent in the operation of her vehicle and in her failure to use her seat belt, ~~both of which~~both of which caused her harm.

The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.

[401.3] "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

[401.4] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

[401.9] ~~F.S. 316.614, provides that "[i]t is unlawful for any person . . . [t]o operate a motor vehicle in this state unless the person is restrained by a safety belt."~~F.S. 316.614, provides that "[i]t is unlawful for any person . . . [t]o operate a motor vehicle in this state unless the person is restrained by a safety belt." Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Jane Doe violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether ~~she~~she was negligent.

[401.12(a)] Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.

[401.12(b)] In order to be regarded as a legal cause of loss, injury, or damage negligence need not be the only cause. Negligence may be a legal

cause of loss, injury, or damage even though it operates in combination with some other cause if the negligence contributes substantially to producing such loss, injury, or damage.

[401.12(c)] Negligence may also be a legal cause of loss, injury, or damage even though it operates in combination with the act of another or some other cause occurring after the negligence occurs if such other cause was itself reasonably foreseeable and the negligence contributes substantially to producing such loss, injury, or damage.

[401.18] The issues you must decide on Jane Doe's claim against Richard Rowe are whether Richard Rowe was negligent in the operation of his vehicle, and, if so, whether that negligence was a legal cause of the loss, injury, or damage to Jane Doe.

[401.21] If the greater weight of the evidence does not support Jane Doe's claim, your verdict should be for Richard Rowe.

[401.22] If, however, the greater weight of the evidence supports Jane Doe's claim, then you shall consider the defense raised by Richard Rowe.

[401.22(a)] On ~~that~~that defense, the issue for you to decide is whether Jane Doe was herself negligent in the operation of her vehicle and/or in failing to wear her seat belt, <u>and,</u> if so, whether that negligence was a contributing legal cause of injury or damage to Jane Doe.

[401.23] If the greater weight of the evidence does not support Richard Rowe's defense and the greater weight of the evidence <u>does</u> supports Jane Doe's claim, then your verdict should be for Jane Doe in the total amount of her damages.

If, however, the greater weight of the evidence shows that both Richard Rowe and Jane Doe were negligent and that the negligence of each contributed as a legal cause of loss, injury, or damage sustained by Jane Doe, you should decide and write on the verdict form what percentage of the total negligence of both parties to this action you apportion to each of them.

[501.1(b)] If your verdict is for Richard Rowe you will not consider the matter of damages. But if the greater weight of the evidence supports Jane Doe's claim, you should determine and write on the verdict form, in dollars, the total amount of loss, injury or damage which the greater weight of the

evidence shows will fairly and adequately compensate her for her loss, injury, or damage, including any damages that Jane Doe is reasonably certain to incur or experience in the future. You shall consider the following elements:

[501.2(a)] Any bodily injury sustained, by Jane Doe and any resulting pain and suffering, disability, or physical impairment, disfigurement, mental anguish, inconvenience, or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just, in the light of the evidence.

[501.2(b)] The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained by Jane Doe in the past, or to be so obtained in the future.

[501.2(c)] Any earnings lost in the past, and any loss of ability to earn money in the future.

[501.2(d)] On the claim brought by John Doe, you should award his wifehim an amount of money which the greater weight of the evidence shows will fairly and adequately compensate John Doe for any loss by reason of his wife's injury, of her services, comfort, society, and attentions in the past and in the future caused by the incident in question.

[501.2(h)] Any damage to Jane Doe's automobile. The measure of such damage is the reasonable cost of repair, if it was practicable to repair the automobile, with due allowance for any difference between its value immediately before the collision and its value after repair. You shall also take into consideration any loss to Jane Doe sustained for towing or storage charges and by being deprived of the use of her automobile during the period reasonably required for its repair.

[501.4] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Jane Doe. The court will enter a judgment based on your verdict and, if you find that Jane Doe was negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence which you apportion to Jane DoeThe court in entering judgment will make any appropriate reduction(s).

[501.5(a)] If you find that the Richard Rowe caused a bodily injury, and

that the injury resulted in an aggravation of an existing disease or physical defect, you should attempt to ~~determine~~decide what portion of Jane Doe's condition resulted from the aggravation. If you can make that determination, then you should award only those damages resulting from the aggravation. However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury, then you should award damages for the entire condition suffered by Jane Doe.

[501.5(b)] You have ~~also~~also heard that Jane Doe may have been injured in two events. If you decide that Jane Doe was injured by Richard Rowe and was later injured by another event, then you should try to separate the damages caused by the two events and award Jane Doe money only for those damages caused by Richard Rowe. However, if you ~~decide that you~~ cannot separate some or all of the damages, you must award Jane Doe any damages that you cannot separate~~,~~ as if they were all caused by Richard Rowe.

[501.6] If the greater weight of the evidence shows that Jane Doe has been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long Jane Doe may be expected to live. Mortality tables are not binding on you~~,~~ but may be considered together with other evidence in the case bearing on Jane Doe's health, age, and physical condition, before and after the injury, in determining the probable length of her life.

[501.7] Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value~~,~~ and only the present money value of these future economic damages should be included in your verdict.

The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Jane Doe for these losses as they are actually experienced in future years.

[601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination and to answer certain questions I ask you to answer on a special form, called a verdict form. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.

**The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence, and all facts that were admitted or agreed to by the parties.**

In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.

[601.2(a)] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.

[601.2(b)] Some of the testimony before you was in the form of opinions about certain technical subjects.

You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.

[601.5] That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.

*Following closing arguments, the final instructions are given:*

[700] ~~Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict, and the closing arguments of the attorneys. You will shortly retire to the jury room to~~

decide this case. Before you do so, I have a few last instructions for you.

You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or other reference materials. Do not investigate the case or conduct any experiments. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. Do not visit or view the scene of any event involved in this case. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.

Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.

At the conclusion of the trial, the bailiff will collect your notes, which will be immediately destroyed. No one will ever read your notes.

In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.

Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.

Pay careful attention to all the instructions that I gave you, for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important, and you must consider all of them together. There are no other laws that apply to this case, and even if you do not agree with these laws, you must use them in reaching your decision in this case.

~~When you go to the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are orderly and that everyone has a fair chance to be heard.~~

~~It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.~~

~~I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you:~~ *(read form of verdict)*

~~Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you are finished filling out the form, your presiding juror must write the date and sign it at the bottom. Return the form to the bailiff.~~

~~If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.~~

~~You may now retire to decide your verdict.~~

*Special Verdict Form*

## VERDICT

We, the jury, return the following verdict:

1.      Was there negligence on the part of Defendant, ~~RICHARD ROWE~~Richard Rowe, which was a legal cause of damage to Plaintiff, ~~JANE DOE~~Jane Doe?

**YES** _____          **NO** _____

- 46 -

~~If your answer to question 1 is NO, your verdict is for the defendant, and you should not proceed further, except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.~~

**If your answer to question 1 is NO, your verdict is for the defendant, and you should not proceed further, except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.**

**2.** **Was there negligence on the part of Plaintiff, ~~JANE DOE~~Jane Doe, which was a legal cause of her damage?**

**YES** _____ **NO** _____

~~If your answer to question 2 is YES, please answer question 3. If your answer to question 2 is NO, skip question 3 and answer questions 4, 5, and 6.~~

**If your answer to question 2 is YES, please answer question 3. If your answer to question 2 is NO, skip question 3 and answer questions 4, 5, and 6.**

**3.** **State the percentage of any negligence which was a legal cause of damage to Plaintiff, ~~JANE DOE~~Jane Doe, that you apportion to:**

**Defendant, ~~RACHEL~~Richard ~~ROWE~~owe** _____ **%**

**Plaintiff, ~~JOHN~~Jane ~~DOE~~oe** _____ **%**

**Total must be 100%**

~~In determining the total amount of damages, do not make any reduction because of the negligence, if any, of plaintiff, JANE DOE. If you find Plaintiff, JANE DOE, was negligent in any degree, the court, in entering judgment, will reduce JANE DOE'S total amount of damages (100%) by the percentage of negligence which you apportion to JANE DOE.~~

**In determining the total amount of damages, do not make any reduction because of the negligence, if any, of plaintiff, Jane Doe. If you find Plaintiff, Jane Doe, was negligent in any degree, the court in entering judgment will make any appropriate reduction.**

**Please answer questions 4, 5, and 6.**

**4. What is the total amount of ~~JANE DOE'S~~<u>Jane Doe's</u> damages for lost earnings in the past, loss of earning capacity in the future, medical expenses incurred in the past, and medical expenses to be incurred in the future?** $ _____

**5. What is the total amount of ~~JANE DOE'S~~<u>Jane Doe's</u> damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future?** $ _____

**TOTAL DAMAGES OF JANE DOE (add lines ~~1~~<u>4</u> and ~~2~~<u>5</u>)** $ _____

**6. What is the total amount of ~~JOHN DOE'S~~<u>John Doe's</u> damage caused by the loss of his wife's:**

**[a.] comfort, society, and attention?** $ _____

**[b.] services** $ _____

**TOTAL DAMAGES OF JOHN DOE (add lines ~~3~~<u>6</u>a and ~~3~~<u>6</u>b)** $ _____

**SO SAY WE ALL, this _____ day of _____, 2_____**

_____
**FOREPERSON**

NOTE ON USE

This model instruction illustrates the instruction to be given when it is alleged that a driver was comparatively negligent for not wearing a seat belt. Different factual situations may require that different portions of *F.S.* 316.614~~,~~ be read or paraphrased. See *Ridley v. Safety Kleen Corp.*, 693 So. 2d 934 (Fla. 1996).

# MODEL INSTRUCTION NO. 3

## Automobile collision; comparative negligence; wrongful death damages; *Fabre* issue

*Facts of the hypothetical case:*

Mary Smith, as personal representative of the estate of John Smith, deceased, has brought an action against Fast Transport Company. for damages resulting from the instantaneous death of John Smith in a collision between his car and a tractor trailer owned by Fast Transport Company. and driven by Joe Johnson, Fast Transport Co.'s employee. There is no issue as to Fast Transport Co.'s responsibility for any negligence of its driver, Joe Johnson. Questions of negligence, comparative negligence, causation, and damages for the estate and for the benefit of the widow, Mary Smith, and a daughter, Nancy Smith, who is 15 years old are to be submitted to the jury. Additionally, Joe Johnson claims that his actions were due to the negligence of another driver, Bill Jones.

*The court's instruction:*

*The committee assumes that the court will give these instructions at the beginning of the case and that these instructions will be given again before final argument. When given at the beginning of the case, 202.1 will be used in lieu of 401.1 and these instructions will be followed by the applicable portions of 202.2 through 202.5. See Model Instruction No. 1 for a full illustration of ~~an~~the instructions to be given at the beginning and end of the case.*

**[401.1] Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are, ~~however, the same as~~however, the same as what I gave you at the beginning and it is these rules of law that you must now follow. When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.**

**[401.2] The claims and defenses in this case are as follows. Mary Smith, as personal representative of the estate of John Smith, claims that Fast Transport Co.'s driver, Joe Johnson, was negligent in the operation of the**

vehicle he was driving which caused ~~the death of John Smith~~<u>the death of John Smith</u>.

Fast Transport <u>Co.</u> denies that claim and also claims that John Smith was himself negligent in the operation of his vehicle, which caused his death. Additionally, Fast Transport <u>Co.</u> claims that John Smith's death was due to negligence of Bill Jones, who is not a party to this case.

The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.

[401.3] "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

[401.4] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

[401.12(a)] Negligence is a legal cause of ~~a death~~<u>a death</u> if it directly and in natural and continuous sequence produces or contributes substantially to producing such ~~death~~<u>death</u>, so that it can reasonably be said that, but for the negligence, the ~~death~~<u>death</u> would not have occurred.

[401.12(b)] In order to be regarded as a legal cause of ~~loss, injury, or damage~~<u>death,</u> negligence need not be the only cause. Negligence may be a legal cause of ~~death~~<u>death</u> even though it operates in combination with the act of another or some other cause if the negligence contributes substantially to producing such ~~death~~<u>death</u>.

[401.13(b)] The court has determined and now instructs you that Fast Transport <u>Co.</u> is responsible for any negligence of its employee, Joe Johnson.

[401.18] The issues you must decide on Mary Smith's claim against Fast Transport <u>Co.</u> are whether Fast Transport <u>Co.</u>'s employee, Joe Johnson, was negligent in the operation of his vehicle, and, if so, whether that negligence was a legal cause of John Smith's death.

[401.21] If the greater weight of the evidence does not support Mary Smith's claim, your verdict should be for Fast Transport <u>Co.</u>

**[401.22]** If, however, the greater weight of the evidence supports Mary Smith's claim, then you shall consider the defenses raised by Fast Transport <u>Co</u>.

**[401.22(a)]** ~~On Fast Transport's~~<u>On Fast Transport Co.'s</u> first defense, the issues for you to decide are whether John Smith was himself negligent in the operation of his vehicle and, if so, whether that negligence was a contributing legal cause of ~~his death~~<u>his death</u>.

**[401.22(f)]** ~~On Fast Transport's second defense, the issues for you to decide are~~<u>On Fast Transport Co.'s second defense, the issues for you to decide are</u> whether Bill Jones was also negligent in the operation of his vehicle<u>,</u> and, if so, whether that negligence was a contributing legal cause of John Smith's death.

**[401.23]** If the greater weight of the evidence does not support Fast Transport <u>Co.</u>'s defenses and the greater weight of the evidence <u>does </u>support~~s~~ Mary Smith's claim, then your verdict should be for Mary Smith ~~as personal representative of the estate of John Smith, in the total amount of the damages sustained by those for whom this action is brought~~<u>as personal representative of the estate of John Smith, in the total amount of the damages sustained by those for whom this action is brought</u>.

If, however, the greater weight of the evidence shows that ~~either ~~John Smith<u>, Joe Johnson,</u> ~~and/~~or Bill Jones were negligent and that the negligence of one or each contributed as a legal cause ~~to the death of John Smith~~<u>to the death of John Smith</u>, you should decide and write on the verdict form what percentage of the total negligence of all parties to this action you apportion to each of them.

**[502.1(b)]** If your verdict is for Fast Transport <u>Co.</u>, you will not consider the matter of damages. But if the greater weight of the evidence supports Mary Smith's claim, as personal representative of the estate of John Smith, you should determine and write on the verdict form, in dollars, the total amount of loss, injury, or damage which the greater weight of the evidence shows the estate of John Smith and ~~Mary Smith and Nancy Smith~~<u>his survivors</u> sustained as a result of ~~John Smith's~~<u>his injury and</u> death, including any damages that ~~Mary Smith and Nancy Smith ~~<u>the estate and the survivors</u> are reasonably certain to <u>incur or </u>experience in the future.

**[502.2]** In determining ~~any~~<u>the</u> damages ~~sustained by~~<u>recoverable on</u>

- 51 -

**behal~~f of~~ John Smith's estate, you shall consider the following elements:**

**[502.2(b)] The estate's loss of net accumulations: "Net accumulations" is the part of ~~the decedent's~~John Smith's net income from salary or business after taxes, including pension benefits, which ~~the decedent~~John Smith, after paying his personal expenses and monies for the support of his survivors, would have left as part of his estate if he had lived his normal life expectancy.**

**[502.2(c)] Medical ~~and~~or funeral expenses due to ~~the decedent's~~John Smith's injury or death which have become a charge against ~~the decedent's~~ John Smith's estate.**

**In determining any damages to be awarded to John Smith's personal representative for the benefit of John Smith's survivors, Mary Smith and Nancy Smith, you shall consider certain additional elements of damage. ~~T~~ for which there is no exact standard for fixing the compensation to be awarded ~~for these elements~~. Any such award should be fair and just in the light of the evidence regarding the following elements~~.~~:**

**[502.2(d)] Mary Smith's loss of John Smith's companionship and protection, and her mental pain and suffering as a result of John Smith's injury and death. In determining the duration of the losses, you may consider the joint life expectancy of ~~the surviving spouse,~~John Smith and Mary Smith, together with the other evidence in the case.**

**[502.2(e)] The loss by Nancy Smith of parental companionship, instruction and guidance, and her mental pain and suffering as a result of John Smith's injury and death. In determining the duration of those losses, you may consider the joint life expectancy of ~~the surviving child,~~John Smith and Nancy Smith, together with the other evidence in the case.**

**In determining any damages to be awarded John Smith's personal representative for the benefit of John Smith's survivors, Mary Smith and Nancy Smith, you shall ~~*also*~~also consider ~~*these*~~ ~~additional~~the following elements: ~~of damage.~~**

**[502.2(g)] The loss ~~*of support and services sustained by*~~ ~~Mary Smith and Nancy Smith~~suffered by survivors Mary Smith and Nancy Smith, by reason of John Smith's injury and death, of John Smith's support and services including interest at (legal rate) on any amount awarded for such loss from the date of injury to the date of death. In determining the duration of any future**

- 52 -

loss, you may consider the joint life expectancy of the survivor and ~~the decedent,~~<u>John Smith</u> and the period of minority, ending at age 25, of ~~a healthy minor child~~<u>Nancy Smith</u>.

In evaluating past and future loss of support and services, you shall consider the survivor~~'s~~<u>s'</u> relationship to John Smith, the amount of John Smith's probable net income available for distribution to ~~Mary Smith and Nancy Smith~~<u>the survivors</u> and the replacement value of John Smith's services to the survivor~~s~~<u>.</u> "Support" includes contributions in kind~~,~~ as well as sums of money. "Services" means tasks regularly performed by ~~the decedent~~<u>John Smith</u> for a survivor that will be a necessary expense to the survivor because of the ~~decedent~~<u>John Smith</u>'s death.

[502.3] Any damages that you find were sustained by ~~the decedent~~<u>John Smith</u>'s estate and by ~~each survivor~~<u>Mary Smith and Nancy Smith</u> shall be separately stated in your verdict.

[502.5] In determining the total amount of ~~any~~ damages ~~sustained by the~~<u>to</u> John Smith<u>'s</u> estate and ~~Mary Smith and Nancy Smith~~<u>his survivors</u> as a result of his <u>injury and</u> death, you should not make any reduction because of the negligence, if any, of John Smith or Bill Jones. The court in entering judgment will make ~~the~~<u>any</u> appropriate reductions.

[502.6(a)] In determining how long John Smith would have lived, had he lived out his normal life, you may consider his life expectancy at the time of his death. The mortality tables received in evidence may be considered in determining how long he may have been expected to live. Mortality tables are not binding on you~~,~~ but may be considered together with other evidence in the case bearing on his health, age and physical condition, before his death, in determining the probable length of his life.

[502.6(b)] In determining the duration of any future loss sustained by Mary Smith and Nancy Smith by reason of the death of John Smith, you may consider *~~the life expectancy of each~~*<u>the joint life expectancy of Mary Smith, Nancy Smith, and John Smith</u>. <u>The joint life expectancy is that period of time when both the decedent and a survivor would have remained alive.</u> The mortality tables received in evidence may be considered, together with <u>the</u> other evidence in the case *~~bearing on the health, age, and physical condition of each, in determining how long each may be expected to live~~*<u>bearing on the health, age, and physical condition of each, in determining how long each may</u>

- 53 -

**have been expected to live.**

[502.7] Any amount of damages which you allow for the estate's loss of net accumulations ~~lost net accumulations or for loss of the decedent~~ or for loss of John Smith~~'s support and services in the future~~'s support and services in the future should be reduced to its present money value~~,~~ and only the present money value of these future economic damages should be included in your verdict.

The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Mary Smith and Nancy Smith for these losses as they are actually experienced in future years.

[601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination and to answer certain questions I ask you to answer on a special form, called a verdict form. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.

The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in the evidence, and all facts that were admitted or agreed to by the parties.

In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.

[601.2(a)] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the

witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.

[601.2(b)] Some of the testimony before you was in the form of opinions about certain technical subjects.

You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.

[601.5] That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.

*Following closing arguments, the final instructions are given:*

[700] Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict, and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.

You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or other reference materials. Do not investigate the case or conduct any experiments. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. Do not visit or view the scene of any event involved in this case. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.

Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.

At the conclusion of the trial, the bailiff will collect your notes, which

will be immediately destroyed. No one will ever read your notes.

In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.

Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.

Pay careful attention to all the instructions that I gave you, for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important, and you must consider all of them together. There are no other laws that apply to this case, and even if you do not agree with these laws, you must use them in reaching your decision in this case.

When you go to the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are orderly and that everyone has a fair chance to be heard.

It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.

I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you: *(read form of verdict)*

Your verdict must be unanimous, that is, your verdict must be agreed to

~~by each of you. When you are finished filling out the form, your presiding juror must write the date and sign it at the bottom. Return the form to the bailiff.~~

~~If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.~~

~~You may now retire to decide your verdict.~~

*Special Verdict Form*

**VERDICT**

**We, the jury, return the following verdict:**

**1.      Was there negligence on the part of Joe Johnson, ~~FAST TRANSPORT COMPANY.'S~~Fast Transport Co.'s driver, which was a legal cause of the death of John Smith?**

**YES** _____        **NO** _____

**_____If your answer to question 1 is NO, your verdict is for the defendant, and you should not proceed further, except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.**

**2.      Was there negligence on the part of the decedent, John Smith, which was a legal cause of his death?**

**YES** _____        **NO** _____

**3.      Was there negligence on the part of Bill Jones, which was a legal cause of John Smith's death?**

**YES** _____        **NO** _____

**If your answer to either question 2 or 3 is YES, please answer question 4. If your answer to questions 2 and 3 is NO, skip question 4 and answer questions 5, 6, and 7.**

**4.      State the percentage of any negligence, which was a legal cause of**

**John Smith's death, that you apportion to:**

| | |
|---|---|
| **Joe Johnson (Fast Transit Company~~.~~'s driver)** | _____% |
| **John Smith (decedent)** | _____% |
| **Bill Jones (other driver)** | _____% |

**Total must be 100%**

_____**In determining the total amount of damages, do not make any reduction because of the negligence, if any, of the decedent, John Smith or of Bill Jones. If you find that either John Smith or Bill Jones were to any extent negligent, the court~~,~~ in entering judgment~~,~~ will make an<u>y</u> appropriate reduction ~~in the damages awarded~~.**

_____**Please answer questions 5, 6, and 7.**

**DAMAGES OF THE ESTATE**

**5.      What is the total amount of any damages ~~lost by the estate for the amount of~~<u>sustained by the estate for</u> any medical or funeral expenses resulting from John Smith's injury and death <u>and the net accumulations lost by the estate resulting from John Smith's injury and death</u>?**      $ _____

**DAMAGES OF MARY SMITH**

**6a.     What is the total amount of damages sustained by ~~MARY SMITH~~<u>Mary Smith</u> for the loss of John Smith's support and services?**      $ _____

**6b.     What is the total amount of damages sustained by ~~MARY SMITH~~<u>Mary Smith</u> for the loss of her husband's companionship and protection and from her pain and suffering as a result of John Smith's injury and death?**      $ _____

    **TOTAL DAMAGES OF MARY SMITH**

**(add lines 6a and 6b)** $ _____

## DAMAGES OF NANCY SMITH

**7a.  What is the total amount of any damages sustained by ~~NANCY SMITH~~Nancy Smith for ~~her~~the loss of John Smith's support and services?** $ _____

**7b.  What is the amount of damages sustained by ~~NANCY SMITH~~Nancy Smith for the loss of parental companionship, instruction and guidance and ~~NANCY SMITH'S~~Nancy Smith's pain and suffering as a result of John Smith's injury and death?** $ _____

**TOTAL DAMAGES OF NANCY SMITH (add lines 7a and 7b)** $ _____

**SO SAY WE ALL, this _____ day of _____, 2_____**

_____
**FOREPERSON**

## MODEL INSTRUCTION NO. 4

### Automobile collision; comparative negligence; claim and counterclaim

*Facts of the hypothetical case:*

Betty Jones and Rachel Rowe were both injured when their automobiles collided at an intersection. Betty Jones sued Rachel Rowe, who denied the allegations of negligence, pleaded in defense that Betty Jones was negligent and counterclaimed for her own damages. On the counterclaim, Betty Jones denied that she was negligent and pleaded in defense that Rachel Rowe was negligent.

*The court's instruction:*

*The committee assumes that the court will give these instructions at the beginning of the case and that these instructions will be given again before final argument. When given at the beginning of the case, 202.1 will be used in lieu of 401.1 and these instructions will be followed by the applicable portions of 202.2 through 202.5. See Model Instruction No. 1 for a full illustration of ~~an~~ the instructions to be given at the beginning and end of the case.*

**[401.1] Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are, ~~however, the same as~~however, the same as what I gave you at the beginning and it is these rules of law that you must now follow. When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.**

**[401.2] The claims and defenses in this case are as follows. Betty Jones claims that Rachel Rowe was negligent in the operation of the vehicle she was driving which caused her harm.**

**Rachel Rowe denies that claim and claims ~~instead that it was Betty Jones who was~~instead that it was Betty Jones who was negligent in the operation of her vehicle, which caused harm to Rachel Rowe.**

**The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.**

**[401.3] "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.**

**[401.4] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.**

**[401.9]** *(Read or paraphrase the applicable statute or refer to the ordinance or regulation admitted in evidence.)* **Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that either Rachel Rowe or Betty Jones violated this statute, you may consider**

- 60 -

that fact, together with the other facts and circumstances, in deciding whether she was negligent.

[401.12(a)] Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.

[401.12(b)] <u>In order to be regarded as a legal cause of loss, injury, or damage, negligence need not be the only cause.</u> Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with some other cause if the negligence contributes substantially to producing such loss, injury, or damage.

[401.18] The issues you must decide on Betty Jones' claim against Rachel Rowe are whether Rachel Rowe was negligent in the operation of her vehicle, and, if so, whether that negligence was a legal cause of the loss, injury, or damage to Betty Jones.

[401.21] If the greater weight of the evidence does not support Betty Jones' claim, your verdict on that claim should be for Rachel Rowe.

~~*Similarly, the issues for your determination on the claim of Rachel Rowe against Betty Jones are whether Betty Jones was negligent in the operation her vehicle, and, if so, whether such negligence was a legal cause of loss, injury, or damage to Rachel Rowe.*~~

~~*If the greater weight of the evidence does not support Rachel Rowe's claim, then your verdict on that claim should be for Betty Jones.*~~

~~*If the greater weight of the evidence supports the claim of Betty Jones, and shows that the negligence of Rachel Rowe was a legal cause of loss, injury, or damage to Betty Jones, but does not support the claim of Rachel Rowe, your verdict should be for Betty Jones in the total amount of her damages.*~~

~~*Similarly, if the greater weight of the evidence supports the claim of Rachel Rowe and shows that the negligence of Betty Jones was a legal cause of loss, injury, or damage to Rachel Rowe, but does not support the claim of Betty Jones, your verdict should be for Rachel Rowe in the total amount of her damages.*~~

*If, however, the greater weight of the evidence shows that both Betty Jones and Rachel Rowe were negligent, and that the negligence of each contributed as a legal cause of loss, injury, or damage to each, you should determine what percentage of the total negligence of both parties to this action you apportion to each of them.*

**Similarly, the issues for your determination on the claim of Rachel Rowe against Betty Jones are whether Betty Jones was negligent in the operation her vehicle, and, if so, whether such negligence was a legal cause of loss, injury, or damage to Rachel Rowe.**

**If the greater weight of the evidence does not support Rachel Rowe's claim, then your verdict on that claim should be for Betty Jones.**

**If the greater weight of the evidence supports the claim of Betty Jones and shows that the negligence of Rachel Rowe was a legal cause of loss, injury, or damage to Betty Jones, but does not support the claim of Rachel Rowe, your verdict should be for Betty Jones in the total amount of her damages.**

**Similarly, if the greater weight of the evidence supports the claim of Rachel Rowe and shows that the negligence of Betty Jones was a legal cause of loss, injury, or damage to Rachel Rowe, but does not support the claim of Betty Jones, your verdict should be for Rachel Rowe in the total amount of her damages.**

**If, however, the greater weight of the evidence shows that both Betty Jones and Rachel Rowe were negligent, and that the negligence of each contributed as a legal cause of loss, injury, or damage to each, you should determine what percentage of the total negligence of both parties to this action you apportion to each of them.**

**[501.1(b)] If your verdict is for Rachel Rowe ~~on the claim of Betty Jones~~ on the claim of Betty Jones you will not consider the matter of ~~Betty Jones'~~ Betty Jones' damages. *Similarly, if your verdict is for Betty Jones on the claim of Rachel Rowe, you will not consider the matter of Rachel Rowe's damages. But if the greater weight of the evidence supports the claim of either Betty Jones or Rachel Rowe, or both of their claims, you should determine and write on the verdict form, in dollars, the total amount of loss, injury, or damages which the greater weight of the evidence shows will fairly and adequately compensate the claimant for such loss, injury, or damage, including any damages the claimant is reasonably certain to incur or***

*experience in the future. You shall consider the following elements:*__Similarly, if your verdict is for Betty Jones on the claim of Rachel Rowe, you will not consider the matter of Rachel Rowe's damages. But if the greater weight of the evidence supports the claim of either Betty Jones or Rachel Rowe, or both of their claims, you should determine and write on the verdict form, in dollars, the total amount of loss, injury, or damages which the greater weight of the evidence shows will fairly and adequately compensate the claimant for such loss, injury, or damage, including any damages the claimant is reasonably certain to incur or experience in the future. You shall consider the following elements:__

[501.2(a)] Any bodily injury sustained, any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just, in the light of the evidence.

[501.2(b)] The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained in the past, or to be so obtained in the future.

[501.2(c)] Any earnings lost in the past, and any loss of ability to earn money in the future.

[501.2(h)] Any damage to Betty Jones' or Rachel Rowe's automobile. The measure of such damage is the reasonable cost of repair, if it was practicable to repair the automobile, with due allowance for any difference between its value immediately before the collision and its value after repair. You shall also take into consideration any loss for towing or storage charges and by being deprived of the use of her automobile during the period reasonably required for its repair.

[501.4] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Betty Jones and/or Rachel Rowe. ~~The court will enter a judgment based on your verdict and, if you find that either Betty Jones and/or Rachel Rowe were negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence, which you apportion to Betty Jones and/or Rachel Rowe.~~__The court in entering judgment will make any__

**appropriate reduction(s).**

**[501.6] If the greater weight of the evidence shows that either Betty Jones and/or Rachel Rowe have been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long Betty Jones and/or Rachel Rowe may be expected to live. Mortality tables are not binding on you, but may be considered together with other evidence in the case bearing on Betty Jones' and/or Rachel Rowe's health, age and physical condition, before and after the injury, in determining the probable length of her life.**

**[501.7] Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Betty Jones and/or Rachel Rowe for these losses as they are actually experienced in future years.**

**[601.1] In deciding this case, it is your duty as jurors ~~to decide the issues, and only those issues, that I submit for your determination and~~ to answer certain questions I ask you to answer on a special form, called a verdict form. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.**

**The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence and all facts that were admitted or agreed to by the parties.**

**In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.**

**[601.2(a)] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any**

witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.

[601.2(b)] Some of the testimony before you was in the form of opinions about certain technical subjects.

You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.

[601.5] That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.

*Following closing arguments, the final instructions are given:*

[700] Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict, and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.

You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or other reference materials. Do not investigate the case or conduct any experiments. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. Do not visit or view the scene of any event involved in this case. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.

Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding

or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.

At the conclusion of the trial, the bailiff will collect your notes, which will be immediately destroyed. No one will ever read your notes.

In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.

Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.

Pay careful attention to all the instructions that I gave you, for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important, and you must consider all of them together. There are no other laws that apply to this case, and even if you do not agree with these laws, you must use them in reaching your decision in this case.

When you go to the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are orderly and that everyone has a fair chance to be heard.

It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.

I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these

questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you: *(read form of verdict)*

Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you are finished filling out the form, your presiding juror must write the date and sign it at the bottom. Return the form to the bailiff.

If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.

You may now retire to decide your verdict.

*Special Verdict Form*

## VERDICT

We, the jury, return the following verdict:

1.      Was there negligence on the part of ~~RACHEL ROWE~~Rachel Rowe which was a legal cause of damage to ~~BETTY JONES~~Betty Jones?

          YES _____          NO _____

2.      Was there negligence on the part of ~~BETTY JONES~~Betty Jones which was a legal cause of damage to ~~RACHEL ROWE~~Rachel Rowe?

          YES _____          NO _____

~~If your answers to questions 1 and 2 are both NO, your verdict on each claim is for the defendant, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to either question 1 or 2 is YES, please answer question 3.~~

**If your answers to questions 1 and 2 are both NO, your verdict on each claim is for the defendant, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to either question 1 or 2 is YES, please answer question 3.**

3. **State the percentage of any negligence that you apportion to:**

~~*Rachel Rowe*~~**Rachel Rowe** _____%

~~*Betty Jones*~~**Betty Jones** _____%

**Total must be 100%**

~~Your answers to question 3 must total 100%, and should include a zero for any party you found not negligent in answer to questions 1 and 2. Please answer question 4 only if your answer to question 1 is YES. Answer question 5 only if your answer to question 2 is YES.~~

~~In determining the amount of damages, do not make any reduction because of the negligence, if any, of BETTY JONES and/or RACHEL ROWE. If you find that BETTY JONES and/or RACHEL ROWE were to any extent negligent, the court in entering judgment will make an appropriate reduction in the damages awarded.~~

**Your answers to question 3 must total 100% and should include a zero for any party you found not negligent in answer to questions 1 and 2. Please answer question 4 only if your answer to question 1 is YES. Answer question 5 only if your answer to question 2 is YES.**

**In determining the amount of damages, do not make any reduction because of the negligence, if any, of Betty Jones and/or Rachel Rowe. If you find that Betty Jones and/or Rachel Rowe were to any extent negligent, the court in entering judgment will make any appropriate reduction.**

Please answer questions 4, 5, 6 and 7.

**DAMAGES OF BETTY JONES**

4. **What is the total amount of ~~BETTY JONES'~~Betty Jones' damages for lost earnings in the past, loss of earning capacity in the future, medical expenses incurred in the past, medical expenses to be incurred in the future?** $ _____

5. **What is the total amount of ~~BETTY JONES'~~Betty Jones' damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish,**

**inconvenience, aggravation of a disease or physical defect, and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future?** $ _____

       **TOTAL DAMAGES OF BETTY JONES**
       **(add lines 4 and 5)** $ _____

**DAMAGES OF RACHEL ROWE**

       **6.    What is the total amount of ~~RACHEL ROWE'S~~<u>Rachel Rowe's</u> damages for lost earnings in the past, loss of earning capacity in the future, medical expenses incurred in the past, medical expenses to be incurred in the future?** $ _____

       **7.    What is the total amount of ~~RACHEL ROWE'S~~<u>Rachel Rowe's</u> damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future?** $ _____

       **TOTAL DAMAGES OF RACHEL ROWE**
       **(add lines 6 and 7)** $ _____

       **SO SAY WE ALL, this _____ day of _____, 2_____**

                        _____
                           **FOREPERSON**

## MODEL INSTRUCTION NO. 5

**Injury in three-car collision; settlement with injured party by one tortfeasor; independent contribution claim by him against others; reasonableness of settlement as well as liability contested**

*Facts of the hypothetical case:*

John Adams, driver of one of three vehicles involved in a collision, presented a claim for his injuries to Marvel Transport Co., owner of one of the other vehicles. Marvel Transport Co., taking into consideration John Adams' injuries, his comparative negligence and its potential exposure, paid John Adams $75,000.00 and obtained a general release of all responsible persons. Marvel Transport Co. then sued the owner of the other vehicle, Perishable Produce, Inc., for contribution. The issues to be resolved by the jury are whether Perishable Produce, Inc.'s driver was negligent in contributing to John Adams' injuries, whether the amount paid by Marvel Transport Co. was reasonable and, if Perishable Produce Inc.'s driver was negligent, the relative degrees of responsibility of Marvel Transport Co. and Perishable Produce, Inc.

*The court's instruction:*

*The committee assumes that the court will give these instructions at the beginning of the case and that these instructions will be given again before final argument. When given at the beginning of the case, 202.1 will be used in lieu of 412.3 and these instructions will be followed by the applicable portions of 202.2 through 202.5. See Model Instruction No. 1 for a full illustration of ~~an~~the instructions to be given at the beginning and end of the case.*

**[412.3] Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are, ~~however, the same as~~however, the same as what I gave you at the beginning and it is these rules of law that you must now follow. When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.**

**[412.4] The claims ~~and defenses~~ in this case are as follows. Marvel Transport Co. seeks to recover from Perishable Produce, Inc., part of the sum of $75,000.00, which Marvel Transport Co. paid John Adams to satisfy the claim of John Adams resulting from his injury in the three-vehicle accident involving John Adams, and vehicles owned by Marvel Transport Co. and Perishable Produce, Inc. Marvel Transport Co. claims that Perishable Produce, Inc. was partly negligent in causing the collision.**

**Perishable Produce, Inc. denies that claim.**

Marvel Transport Co. must prove its claim by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.

[412.5] "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

[412.6] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

[412.7(a)] Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.

[412.7(b)] In order to be regarded as a legal cause of loss, injury, or damage negligence need not be the only cause. Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with the act of another or some other cause if the negligence contributes substantially to producing such loss, injury, or damage.

[412.8] The issues for you to decide on Marvel Transport Co.'s claim are whether Tom Jones, the employee of Perishable Produce, Inc., was negligent in his operation of Perishable Produce, Inc.'s truck, which was involved in the collision and, if so, whether such negligence was a legal cause of injury orand damage to John Adams.

If the greater weight of the evidence does not support the claim of Marvel Transport Co. against Perishable Produce, Inc., your verdict should be for Perishable Produce, Inc.

However, if the greater weight of the evidence supports the claim of Marvel Transport Co., you should also determine whether the amount of money paid by Marvel Transport Co. to John Adams was reasonable under all of the circumstances shown by the evidence. If the greater weight of the evidence shows that the amount of money paid by Marvel Transport Co. to John Adams in settlement did not exceed a reasonable amount under all of the circumstances, you should so find by your verdict. However, if the amount of

money paid by Marvel Transport Co. to John Adams exceeded a reasonable amount, you should determine the amount which would have been reasonable under all of the circumstances for Marvel Transport Co. to pay to John Adams in settlement. The court will then determine the amount that Marvel Transport Co. will recover from Perishable Produce, Inc.

~~In deciding whether the amount of money paid by Marvel Transport Co. to John Adams was reasonable, I instruct you that John Adams would have been able to sue Marvel Transport Co. for an amount of money that would fairly and adequately compensate him for his loss, injury, and damage, including any damage that John Adams would have been reasonably certain to incur or experience in the future, for the following elements:~~

<u>In deciding whether the amount of money paid by Marvel Transport Co. to John Adams was reasonable, I instruct you that John Adams would have been able to sue Marvel Transport Co. for an amount of money that would fairly and adequately compensate him for his loss, injury, and damage, including any damage that John Adams would have been reasonably certain to incur or experience in the future, for the following elements:</u>

[501.2(a)] Any bodily injury sustained by John Adams and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience<u>,</u> or loss of capacity for the enjoyment of life ~~that he had~~ experienced in the past~~,~~ or ~~would have~~<u>to be</u> experienced in the future. There is no exact standard for measuring such damage. The amount ~~would have had to have been~~<u>should be</u> fair and just~~,~~ in the light of the evidence ~~about his injuries~~.

[501.2(b)] The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained by John Adams in the past~~,~~ or to be so obtained ~~by him~~ in the future.

[501.2(c)] Any earnings John Adams lost in the past, and any loss of ability to earn money ~~he had~~ in the future.

[501.2(h)] Any damage to John Adams' automobile. The measure of such damage is the reasonable cost of repair, if it was practicable to repair the automobile, with due allowance for any difference between its value immediately before the collision and its value after repair. ~~It would~~<u>You shall</u> also ~~include~~<u>take into consideration</u> any loss <u>to</u> John Adams ~~sustained~~ for towing or storage charges and ~~from~~<u>by</u> being deprived of the use of his

automobile during the period reasonably required for its repair.

[601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination and to answer certain questions I ask you to answer on a special form, called a verdict form. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.

**The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence, and all facts that were admitted or agreed to by the parties.**

In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.

[601.2(a)] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.

[601.2(b)] Some of the testimony before you was in the form of opinions about certain technical subjects.

You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.

[601.5] That is the law you must follow in deciding this case. The

**attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.**

*Following closing arguments, the final instructions are given:*

[700] Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict, and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.

You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or other reference materials. Do not investigate the case or conduct any experiments. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. Do not visit or view the scene of any event involved in this case. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.

Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.

At the conclusion of the trial, the bailiff will collect your notes, which will be immediately destroyed. No one will ever read your notes.

In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.

Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific

instructions to you.

Pay careful attention to all the instructions that I gave you, for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important, and you must consider all of them together. There are no other laws that apply to this case, and even if you do not agree with these laws, you must use them in reaching your decision in this case.

When you go to the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are orderly and that everyone has a fair chance to be heard.

It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.

I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you: *(read form of verdict)*

Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you are finished filling out the form, your presiding juror must write the date and sign it at the bottom. Return the form to the bailiff.

If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.

You may now retire to decide your verdict.

*Special Verdict Form*

## VERDICT

We, the jury, return the following verdict:

1.      Was there negligence on the part of Tom Jones, the driver of the truck owned by Defendant, ~~PERISHABLE PRODUCE, INC.~~Perishable Produce, Inc., which was a legal cause of damage to John Adams?

YES _____          NO _____

If your answer to question 1 is NO, your verdict is for defendant, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.

2.      State the percentage of any negligence, which was a legal cause of damage to John Adams, that you apportion to:

Tom Jones (Perishable Produce,
Inc.'s driver)                                                        _____%

Frank Foot (Marvel Transport
Co.'s driver)                                                       _____%

Total must be 100%

Please answer question 3.

3.      Did ~~MARVEL TRANSPORT CO.~~Marvel Transport Co.'s payment of $75,000.00 to John Adams exceed a reasonable settlement under all of the circumstances?

YES _____          NO _____

If your answer to question 3 is NO, do not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 3 is YES, please answer question 4.

4.      What would have been a reasonable settlement, under all of the circumstances, for ~~MARVEL TRANSPORT COMPANY~~Marvel Transport Co. to pay John Adams?

$ _____

**SO SAY WE ALL, this _____ day of _____, 2_____**

_____
**FOREPERSON**

## MODEL INSTRUCTION NO. 6

**Claimant suing three alleged joint tortfeasors; comparative negligence in issue; contribution shares to be determined in action**

*Facts of the hypothetical case:*

Mary Smith was injured while driving her car, which was involved in a four-car pile-up. She filed suit against the drivers of the other vehicles—Ron Rowe, Sally Jones, and Tom Torpor—alleging that their combined negligence caused the pile-up and her injuries. All defendants have asserted that the negligence of Smith contributed to her injuries. The defendants filed cross-claims raising the issue of contribution. The court has determined that a single verdict can conveniently determine the contribution shares of the defendants found to be liable to Smith.

*The court's instruction:*

*The committee assumes that the court will give these instructions at the beginning of the case and that these instructions will be given again before final argument. When given at the beginning of the case, 202.1 will be used in lieu of 401.1 and these instructions will be followed by the applicable portions of 202.2 through 202.5. See Model Instruction No. 1 for a full illustration of ~~an~~the instructions to be given at the beginning and end of the case.*

**[401.1] Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are, ~~however, the same as~~however, the same as what I gave you at the beginning and it is these rules of law that you must now follow. When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.**

[401.2] The claims and defenses in this case are as follows. Mary Smith claims that Ron Rowe ~~and/or~~and/or Sally Jones ~~and/or~~and/or Tom Torpor were negligent in the operation of their vehicles, which caused her harm.

Ron Rowe, Sally Jones, and Tom Torpor ~~each~~each deny that claim and ~~they each~~they each also claim that Mary Smith was herself negligent in the operation of her vehicle, which caused her harm.

The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.

[401.3] "Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

[401.4] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

[401.12(a)] Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.

[401.12(b)] In order to be regarded as a legal cause of loss, injury, or damage negligence need not be the only cause. Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with the act of another or some other cause if the negligence contributes substantially to producing such loss, injury, or damage.

[401.18(b)] The issues you must decide on Mary Smith's claim against Ron Rowe ~~and/or~~and/or Sally Jones ~~and/or~~and/or Tom Torpor are whether ~~any one or more of those defendants~~any one or more of those defendants were negligent in the operation of the vehicles they were driving; and, if so, whether ~~such~~that negligence was a legal cause of loss, injury, or damage to Mary Smith.

[401.21] If the greater weight of the evidence does not support the claim of Mary Smith ~~against a particular defendant~~against a particular defendant,

then your verdict should be for ~~that~~that defendant.

[401.22] If, however, the greater weight of the evidence supports Mary Smith's claim ~~against one or more of the defendants~~against one or more of the defendants, then you shall consider the defense raised by ~~the defendants~~the defendants.

[401.22(a)] On ~~that~~that defense, the issue for you to decide is whether Mary Smith was herself negligent in the operation of her vehicle and, if so, whether that negligence was a contributing legal cause of injury or damage to Mary Smith.

[401.23] If the greater weight of the evidence does not support ~~the defense of the defendants~~the defense of the defendants and the greater weight of the evidence does supports~~s~~ Mary Smith's claim ~~against one or more of the defendants~~against one or more of the defendants, then ~~your verdict should be for Mary Smith against those particular defendants and you should then~~you should decide and write on the verdict form what percentage of the total negligence of ~~those~~those defendants you apportion to each defendant whose negligence you find was a legal cause of loss, injury, or damage to Mary Smith.

If, however, the greater weight of the evidence shows that both Mary Smith and ~~one or more of the defendants~~one or more of the defendants were negligent and that the negligence of each contributed as a legal cause of loss, injury, or damage sustained by Mary Smith, you should decide and write on the verdict form what percentage of the total negligence of all parties to this action you apportion to each of them.

[501.1(b)] If your verdict is for the defendants you will not consider the matter of damages. But if the greater weight of the evidence supports Mary Smith's claim ~~against one or more of the defendants~~against one or more of the defendants, you should determine and write on the verdict form, in dollars, the total amount of loss, injury, or damage, which the greater weight of the evidence shows will fairly and adequately compensate her for her loss, injury or damage, including any damages that Mary Smith is reasonably certain to incur or experience in the future. You shall consider the following elements:

[501.2(a)] Any bodily injury sustained~~,~~ by Mary Smith and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life

experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just~~,~~ in the light of the evidence.

[501.2(b)] The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained <u>by Mary Smith</u> in the past, or to be so obtained in the future.

[501.2(c)] Any earnings lost in the past~~,~~ and any loss of ability to earn money in the future.

[501.2(h)] Any damage to Mary Smith's automobile. The measure of such damage is the reasonable cost of repair, if it was practicable to repair the automobile, with due allowance for any difference between its value immediately before the collision and its value after repair.

You shall also take into consideration any loss <u>to</u> Mary Smith ~~sustained~~ for towing or storage charges and by being deprived of the use of her automobile during the period reasonably required for its repair.

[501.4] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Mary Smith. ~~The court will enter a judgment based on your verdict and, if you find that Mary Smith was negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence which you apportion to Mary Smith.~~<u>The court in entering judgment will make any appropriate reduction(s).</u>

[501.6] If the greater weight of the evidence shows that Mary Smith has been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long Mary Smith may be expected to live. Mortality tables are not binding on you~~,~~ but may be considered together with other evidence in the case bearing on Mary Smith's health, age and physical condition, before and after the injury, in determining the probable length of her life.

[501.7] Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value~~,~~ and only the present money value of these future economic damages should be included in your verdict.

The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Mary Smith for these losses as they are actually experienced in future years.

[501.9(a)] Even if you ~~determine~~decide that more than one of the defendants were negligent, you should determine Mary Smith's damages in a single total amount, and write that amount, in dollars, on the verdict form.

[601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination and to answer certain questions I ask you to answer on a special form, called a verdict form. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.

**The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence, and all facts that were admitted or agreed to by the parties.**

In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.

[601.2(a)] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.

[601.2(b)] Some of the testimony before you was in the form of opinions about certain technical subjects.

You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.

[601.5] That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.

*Following closing arguments, the final instructions are given:*

[700] Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.

You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or other reference materials. Do not investigate the case or conduct any experiments. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. Do not visit or view the scene of any event involved in this case. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.

Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.

At the conclusion of the trial, the bailiff will collect your notes, which will be immediately destroyed. No one will ever read your notes.

In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.

Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.

Pay careful attention to all the instructions that I gave you, for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important, and you must consider all of them together. There are no other laws that apply to this case, and even if you do not agree with these laws, you must use them in reaching your decision in this case.

When you go to the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are orderly and that everyone has a fair chance to be heard.

It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.

I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you: *(read form of verdict)*

Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you are finished filling out the form, your presiding juror must write the date and sign it at the bottom. Return the form to the bailiff.

If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.

You may now retire to decide your verdict.

*Special Verdict Form*

**VERDICT**

**We, the jury, return the following verdict:**

**1.     Was there negligence on the part of any of the defendants, which was a legal cause of damage to Plaintiff, Mary Smith?**

                ~~RON ROWE~~Ron Rowe         **YES** _____        **NO** _____

                ~~SALLY JONES~~Sally Jones      **YES** _____        **NO** _____

                ~~TOM TORPOR~~Tom Torpor    **YES** _____        **NO** _____

**If your answer to question 1 is NO as to all defendants, your verdict is for the defendants, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES as to any of the defendants, please answer question 2.**

**2.     Was there negligence on the part of Plaintiff, ~~MARY SMITH~~Mary Smith, which was a legal cause of her damage?**

        **YES** _____        **NO** _____

**Please answer question 3.**

**3.     State the percentage of any negligence, which was a legal cause of damage to Plaintiff, Mary Smith, that you apportion to:**

                **Ron Rowe**            _____**%**

                **Sally Jones**          _____**%**

                **Tom Torpor**          _____**%**

                **Mary Smith**          _____**%**

                **Total must be 100%**

**Your answers to question 3 must total 100%~~,~~ and should include a zero**

for any person you found not negligent in answer to questions 1 and 2.

In determining the amount of any damages, do not make any reduction because of the negligence, if any, of Plaintiff, ~~MARY SMITH~~Mary Smith. If you find Plaintiff, ~~MARY SMITH~~Mary Smith, was negligent in any degree, the court~~,~~ in entering judgment~~,~~ will ~~reduce MARY SMITH'S total amount of damages (100%) by the percentage of negligence that you apportion to MARY SMITH~~make any appropriate reduction.

Please answer questions 4 and 5.

4.      What is the total amount of ~~MARY SMITH'S~~Mary Smith's damages for lost earnings in the past, loss of earning capacity in the future, medical expenses incurred in the past, medical expenses to be incurred in the future?                                         $ _____

5.      What is the total amount of ~~MARY SMITH'S~~Mary Smith's damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future?          $ _____

TOTAL DAMAGES OF MARY SMITH
(add lines 4 and 5)                                                              $ _____

SO SAY WE ALL, this _____ day of _____, 2_____


_____
FOREPERSON

## FORM 2(b). MODEL FORM OF VERDICT FOR WRONGFUL DEATH DAMAGES

*These or similar damage questions should appear in the verdict form after findings on liability issues.*

**[In determining the amount of damages, do not make any reduction because of the negligence, if any, of** (name)**. If you find that** (name) **was to any extent negligent, the court in entering judgment will make an appropriate reduction in the damages awarded.]**

**Please answer questions __*__ .**

### DAMAGES OF THE ESTATE

**__*__ .      What is the total amount of any damages ~~lost~~__sustained__ by the estate for [any earnings of the decedent lost from the date of injury to the death not including any amount of support lost by a survivor in that period] [,] [the amount of any medical or funeral expenses resulting from** (decedent's) **injury and death charged to the estate or paid by someone other than a survivor] [,] [and] [loss of net accumulations] [,] [**(list other damages sustained by estate)**]?**                          $ _____

### DAMAGES OF (surviving spouse)

**__*a.__      What is the amount of any damages sustained by** (surviving spouse) **for the [loss of the** (decedent's) **support] [and] [services] [, and] [medical or funeral expenses] resulting from** (decedent's) **injury and death paid by** (surviving spouse)**]?**                          $ _____

**__*b.__      What is the total amount of damages sustained by** (surviving spouse) **for the loss of [his wife's] [her husband's] companionship and protection and for [his] [her] pain and suffering as a result of** (decedent's) **injury and death?**                          $ _____

**TOTAL DAMAGES OF** (surviving spouse)

- 86 -

**(add lines *a  and *b)**                                    $ _____

*Insert appropriate numbers.

**DAMAGES OF** (surviving child)

 ***a.    What is the total amount of damages
sustained by** (surviving child) **for the [loss of the**
(decedent's) **support] [and] [services] [, and] [medical
or funeral expenses resulting from** (decedent's) **death
paid by** (surviving child)]**?**                            $ _____

 ***b.    What is the total amount of damages
sustained by** (surviving child) **for the loss of parental
companionship, instruction and guidance and**
(surviving child's) **pain and suffering as a result of**
(decedent's) **injury and death?**                          $ _____

**TOTAL DAMAGES OF** (surviving child)
**(add lines *a and *b)**                                   $ _____

**DAMAGES OF** (surviving mother)

 *** .    What is the total amount of damages
sustained by** (surviving mother) **for her [pain and
suffering as a result of the injury and death of**
(minor child)] **[and] [medical or funeral expenses
resulting from** (decedent's) **injury and death paid
by** (surviving mother)]**?**

**TOTAL DAMAGES OF** (surviving mother)           $ _____

**DAMAGES OF** (surviving father)

 *** .    What is the total amount of damages
sustained by** (surviving father) **for his [pain and
suffering as a result of the injury and death of**
(minor child)] **[and] [medical or funeral expenses
resulting from** (decedent's) **injury and death paid
by** (surviving father)]**?**

**TOTAL DAMAGES OF** (surviving father)                $ _____

*Insert appropriate numbers

NOTE ON USE FOR FORM 2(b)

The selection of applicable portions of this form depends upon determination of the survivors under the Wrongful Death Act, *F.S.* 768.16–768.26.